Sewall, J.,
delivered the opinion of the Court. The usages adopted by individuals concerned in any course of business, — for instance, in the negotiation of promissory notes, by which loans are obtained and renewed at banks, — become, as to those parties, rules by which their contracts are to be construed; and in any circumstance not ascertained by express stipulation, and especially as to privileges depending on legal implication and construction, and understood to be reserved for the particular benefit of the individual, what is' known among the parties to be usual in their course of business, is to be taken as consented to, and to have the same effect as if inserted in their contracts.
It is incumbent upon the holder of a negotiable note for money," *146 to prove, in maintaining an action against an endorser, a demand upon the promisor as soon as the note became due, and a notice to the endorser, if it then remained unpaid. The endorser is liable after due diligence employed to obtain payment of the maker, and upon notice that payment has not been made'; and this being understood as the condition of the contract implied in his endorsement, he is not liable, until these circumstances are substantially proved. But, as privileges reserved and implied for his special benefit, he may waive or modify them. When this is done by an express stipulation, there can be no doubt; and when- he continues to endorse notes, and to deal with a bank, where, by known usage, or the by-laws of the bank, these privileges have been taken to be waived or modified, his dealings and contracts are to be understood and enforced with the constructive effect of such usage or by-laws.
In the case at bar, there is not only evidence of a known usage, from which a consent may be implied, but also of an * express - agreement, on the part of the customers of the bank, — those who dealt with the plaintiffs in this action, as the defendant did,—in drawing, endorsing, and negotiating notes for discount, and in the renewal of notes discounted, as to the notice to drawers and endorsers, the mode of giving it, and the effect. And, according to this consent, when the defendant is charged as an endorser of a negotiable note, a demand upon the promisor, the day before the note became due, is to be considered as the diligence required of the bank; and notice to the endorser, on the day when the note was payable, is seasonable; and letters from the bank, containing a demand or notice of this kind, left at the post-office in fViscasset, are equivalent to an actual demand and notice.
We do not perceive that the title of the plaintiffs to recover depends on the facts, that the cashier had been present at the bank during the usual bank hours, on the day when the note in question became due, and that no money had been then paid or deposited by the promisors in the note.
The general rule of law requires a demand and notice, to charge an endorser. (b) This had not been altogether dispensed with by *147 any usage or stipulation, but modified as to the time and manner; and whether a demand and notice were proved, or are provable, according to the fair expectations of the parties concerned and considering the confidence specially reposed in the directors of the bank, belonging to the same town, are questions for the jury to determine. Their verdict may be, and probably will be, the same, upon the evidence stated, as it now is; but the verdict found was not directed by those principles which are to be observed in cases of this kind. It is, therefore, to be set aside, and a new trial granted.

 [The note was, by the terms of it, payable “ at the Lincoln & Kennebeck Bank.” Was it necessary to make a demand elsewhere? —Woodbridge vs. Bingham, 13 Mass. Rep. 556. —12 Mass. Rep. 403.— Sebree vs. Dorr, 3 Wheat. 558.— Sanderson, vs. Bowes, 14 East., 500. — Hodge vs. Fillis, 3 Camp. 463. — Rowe vs. Young, 2 Bro. & Bing. 165. — See Ruggles vs. Patten, 8 Mass. Rep. 480. — Carley vs. Vance, 17 Mass. Rep 389. —Beeching vs. Gower, Holt, 313 —Sprowle vs. Legge, 1 B. & C. 16. Quiere, if any usage was shown, sufficient to control the plain import of a written contract, the meaning whereof, in this particular, at least, was well settled in the mercantile law, and the legal effect whereof was generally well understood ? — See Homer vs. Dorr, 10 Mass. Rep. 26. —Lewis & Al. vs. Thatcher & Al., 15 Mass. Rep. 431. — Murray vs. *147 Hatch, 6 Mass. Rep. 477.—Hogg vs. Snaith, 1 Taunt. 347.— Dawson vs. Walker, 1 Stark. 361.— Greaves vs. Ashlin, 3 Camp. 426. — Frith vs. Barker, 2 Johns. Rep 327. —Thomson vs. Ashton, 14 Johns. Rep. 316. — Coit vs. The Com. Ins. Co., 7 Johns. Rep. 385.— Sleght vs. Rhinelander, 1 Johns. Rep. 192. —Ed.]