## WHITTIER *vs.* GRAFFAM.

If the maker of a promissory note be absent at the time it falls due, the demand of payment should be made *at his domicil,* if he have any ;—otherwise, diligent search for him will be sufficient.

*Notice* of the non-acceptance or non-payment of a promissory note or bill of exchange may be given through the post office ;—*aliter* of a *demand of payment,* unless by express consent of the maker or drawer, or by known usage regulating the contract.

In this action, which was *assumpsit,* the defendant was charged in the first count as indorser of a note of hand, duly presented for payment at its maturity, and notice given ;—in the second count, the plaintiff alleged diligent but ineffectual search for the maker; and due notice to the defendant ;—the third count charged him as guarantor of the note ;—and the others were the common money counts. The note was in these words,—" *Portland, Sept.* " 28, 1819. For value received I promise to pay to *Jacob* " *Graffam,* or *John Whittier,* or *Joseph Pilsbury,* the sum of one " hundred and fifty dollars in twelve months from this date. " *Wm. Wallace.*"

At the trial, which was before the *Chief Justice,* it appeared that *Graffam, Whittier,* and *Pilsbury* bought a schooner of one *Francis,* and gave a note for the purchase money, which came into the hands of one *Foster.* Afterwards *Graffam* being at *Portland,* exchanged the schooner, of which he was master, with *Wallace,* for a small sloop, taking, for the difference, the note in question, and another of about the same amount payable in six months. On the return of *Graffam,* this latter note was indorsed in blank by *Whittier,* and delivered, by him to *Foster* in payment of the balance due on the note originally given to *Francis* for the schooner ; but *Wallace* being called on, and failing to pay it when due, *Whittier* was sued as indorser, and compelled to pay the note.

It further appeared that *Graffam* indorsed and delivered the note in controversy to the plaintiff, in consideration of a written engagement given at the same time by the plaintiff to him, of the following tenor :—" *Thomaston, Nov.* 1, 1819. Received of " *Jacob Graffam* two hundred and ten dollars, in consideration

" whereof I hereby agree to pay a certain note of hand, dated " *April* 16, 1819, for one hundred and forty seven dollars and sev- " enty two cents, given by said *Graffam*, myself, and *Joseph* " *Pilsbury* to *William Francis*, payable in six months from date " thereof with interest, and I hereby agree to indemnify and save " harmless the said *Graffam* from said note and all expenses which " may arise thereon. *John Whittier*."

When this note became due, *Wallace* was absent at sea. He belonged to *Portland*, where he had a family residing ; but was then a man of no property.

The plaintiff's agent, on the day the note became due, put into the post office at *Thomaston*, a letter addressed to *Wallace*, at *Portland*, demanding payment of the note ; and on the same day another to the defendant at *Camden*, giving him notice that it was dishonored.

Upon this evidence a nonsuit was entered by consent of the parties, subject to the opinion of the whole Court upon the question whether the action could be maintained.

*Thayer*, for the plaintiff, contended that he had used all the diligence necessary for him, in order to charge the defendant as indorser of the note ;—and that it was not incumbent on him to have sent the note to the maker's residence, he being absent from home, without having left any agent, or property to pay it. Any thing more than was actually done would have been but an unmeaning ceremony. And he cited 4 *Mass.* 44. 8 *Mass.* 260. and 11 *Mass.* 436. But he further insisted that if the defendant was not liable by his indorsement, yet he ought to be holden on the common counts, the note having proved to be of no value, and the plaintiff having indemnified him against the joint note given to *Francis*. *Chitty on Bills* 97. *Kyd* 91, 198.

*Wheeler*, for the defendant, said that he was not chargeable as indorser, under any circumstances, because he had put his name on the note merely for the purpose of transferring his interest in it to the plaintiff, and not to create any new obligation. *Griffin v. Goff* 12 *Johns.* 423. *Anderson v. Drake* 11 *Johns.* 114. But if it was not so, yet the plaintiff had not entitled himself to this

remedy, because he had not *presented* the note for payment, at the *residence* of the maker. *Freeman v. Boynton* 7 *Mass.* 483.

MELLEN C. J. delivered the opinion of the Court as follows.

It has been in *Massachusetts* the immemorial usage for indorsees of notes not negotiable to declare against the *indorsers* as on a negotiable note. *Jones v. Fales* 4 *Mass.* 245. The same principle will apply in this State. The *first* and *second* counts are on the supposed liability of the defendant as indorser. The *third* count charges the defendant as *guarantor* of the note ; and the *fourth* count is for monies had and received, laid out and expended. We are of opinion that the action cannot be maintained upon the *first* or *second* counts. As *Wallace* lived in *Portland* at the time the note became due, having there a home, wife and family, the note should have been presented to him *there* for payment ; or a demand of payment made or left at his dwelling house. The absence of *Wallace* at sea, cannot be considered as an excuse for the plaintiff's omission in the present instance ; nor can his poverty. [ Diligent inquiry and search would have been sufficient, had *Wallace* absconded before the note became due ; leaving no agent, or family or home where a demand could be made [ ; but, it seems his home was known to be at *Portland* ; because the letter which was sent by mail, and which is relied on as a legal demand of payment, was directed to *Wallace* at that place. *Notice* of *non-acceptance* or *non-payment*, may be given to a drawer or indorser through the post-office ; but a *demand of payment* cannot be made in this manner, unless by consent of the person on whom the demand is to be made. Such consent may be *express*, or be *implied* from a settled usage well known to him. Numerous cases might be cited to these points. Several have been mentioned by the defendant's counsel; but we only state the cases of *Freeman v. Boynton* 7 *Mass.* 483, and *Lincoln & Kennebec Bank v. Page* 9 *Mass.* 155, and *Lincoln & Kennebec Bank v. Hammond* 9 *Mass.* 159. These cases shew the *general rule*, and the exceptions from it.

As to the *third* count, there is not a fact in the case tending to shew that the defendant ever *guarantied* the payment of the note

at all events ; or made any other stipulation except what was created by indorsing his name *in blank*; and there being nothing done by him beyond this, *the law* determines the nature of the liability which this indorsement imposed ; and in the case of *Josselyn v. Ames 3 Mass.* 274, it was decided that a man cannot himself warrant to a third person the payment of a note made payable to himself, and not negotiable. But it is contended that the action may be maintained on the *fourth* count, though the defendant may not in any manner be bound by his indorsement, on the ground that the note, so indorsed, was of no value and that the plaintiff has derived no advantage therefrom, and has yet been compelled to pay to *Foster* the amount of the note, against which he engaged to indemnify the defendant, and several authorities have been cited in support of this position.   We do not consider them as applicable to the case before us.   In the cases cited, the person receiving the bill or note in payment, did not take the security of the indorsement of the person from whom he received it ; but trusted to the responsibility of the person who drew the bill or made the note, which proved of no value ; but in the present case the plaintiff took the security of the defendant's indorsement ; and as he has lost the benefit of the defendant's *conditional* liability by his own negligence, he must not now convert this liability into an *absolute* one, by charging the defendant on the fourth count.

*Judgment for the defendant.*