Geeen, J.
delivered the opinion of the court.
This is an action against the endorsers of a promisory note. It appeared in evidence, on the trial that the note was dated the 30th of January, 1847, and payable eleven months after date, at the Branch of the Planters’ Bank, at Memphis. It appeared from the protest of the notary, that demand of payment was made on Friday, the 31st *681 day of December, 1847, The plaintiff proved by Charles Lofland, that the witness was cashier of the first bank ever established in Memphis, and so continued, until said note was protested, and that it had been the uniform custom of that bank to keep the first day of January of each year as a holiday, on which day no business was done; but that notes falling due on that day, were presented, and demand made on the 31st day of December, Such, also, was the custom of the other banks at Memphis, as also of the banks at Nashville. There was no proof to show, that the maker, or either of the endorsers of note in this case, had knowledge of this custom. The court charged the jury that the demand and protest of the note in question, made the 31st day of December, would not be sufficient to bind the defendants, as endorsers unless it appeared that the maker of the note, or the endorsers themselves, had express personal knowledge of the rule and custom of the bank, to treat the 1st of January as a holiday, before the execution and endorsement of the note in question, or had had previous dealings; the jury might then infer that they had notice of this rule and custom. The jury found for the defendants, and the plaintiff appealed in error to this court. The counsel for the plaintiff in error, now insists that his honor misdirected the jury, and that he should have told them that the defendants, having dealt with the bank, were bound by its usages, whether they knew of such usages or not. To support this proposition the case of Mills vs. The Bank of the United States, (11 Wheat. R. 421,) and the case of the Bank of Washington vs. Triplet and Neal, (1 Peters. Rep. 31) are relied on. It must be admitted that these cases support the general proposition contended for by. the counsel for the plaintiff in error. But on *682 the other hand it is insisted for the defendants* that these cases contravene the general doctrine upon this subject, and that admitting their authority, they do not go the length to which this principle is now sought to be carried. The case of Mills vs. The Bank of the United States, contains no reasoning upon the subject, but Mr. Justice Story, who delivered the opinion, merely refers to the case of Renner vs. The Bank of Columbia (9 Wheat. Rep. 582,) and says, that “upon the principles and reasoning of that case (the Court) has come to this conclusion, that when a note is made payable or negotiable at a bank, whose invariable usage it is to demand payment and give notice on the fourth day of grace, the parties are bound by that usage, whether they have a personal knowledge of it or not. In the case of such a note, the parties are presumed by implication to agree to be governed by the usage of the bank at which they have chosen to make the security itself negotiable.” This is all the able judge, who delivered the opinion, has said on the subject. He submits to the “principles and reasoning” in the case of Renner vs. The Bank of Columbia; and although he-says the case goes a step farther than this latter case, yet the “principles and reasoning” of the case, seem to justify that step, and the court takes it. In the case before us, we are called upon to go still “a step” further. Can we do so upon principle 1 There is nothing more dangerous, in the administration of the law, than a blind submission to authorities merely because they have some analogy to the case for decision. The original case-may be decided upon principle, and be sustained upon the soundest reasoning, but the facts of the next case differing, the analogy is imperfect; nevertheless, it is thought to be sufficient to *683 justify the proposed decision; but the third case, though having some analogy to the second, does not fall at all’ within the reasoning of the first. Such, it seems to us, is the mischievous tendency of the argument that is now pressed upon us. The case of Renner vs. The Bank of Columbia, was decided upon the authority of the cases of Jones vs. Fales, (4 Mass. R. 252) and the Lincoln and Kennebeck Bank vs. Page, (9 Mass. R. 155,) where it was held, that although the endorser is not liable unless due diligence be employed 'to obtain payment of the maker, and notice to the endorser that payment has not been made; yet as these are privileges reserved and implied for the benefit of the endorser, he may waive or modify them. “When this is done,” says the court in 9 Mass. 157, “by an express stipulation, there can be no doubt; and when he continues to endorse notes, and deal with a bank, where, by known usage, or the by-laws of the bank, these privileges have been taken to be waived or modified, his dealings and contracts are to be understood and enforced with the constructive effect of such usage or by-laws. In the case at bar, there is not only evidence of a known usage,t from which a consent may be implied, but also of an express agreement, on the part of the customers of the bank, those who dealt with the plaintiffs in this action, as the defendants did, in drawing, endorsing, and negotiating notes for discount, and in the renewal of notes discounted, as to the notice to drawers and endorsers, the mode of giving it, and the effect. And according to this consent, when the defendant is charged as an endorser of a negotiable note, a demand upon the promisor the day before the note became due, is to be considered as the diligence required of the bank, and notice to the endorser on the day when the note was *684 payable is seasonable.” It will be seen that this case is put upon the clear and distinct ground of a waiver, on the part of the endorser, of the exact diligence which the law requires on the part of the holder, and this waiver is implied from the fact, that he has knowledge of the usage of the bank with which he deals. For whether there be direct proof of express knowledge or not, yet if he is in the habit of dealing with a bank where a known usage prevails, in reference to the subject of his dealing, it may be presumed that he has, in fact, knowledge of such usage, and having such knowledge, his contract is made in reference thereto, and this usage so known becomes part of the contract. In the case of Renner vs. The Bank of Columbia, it was proved that it was the universal custom of the banks in Washington and Georgetown, to demand payment on the fourth day after the time limited for payment according to the express terms of the note, and that this custom was well known, and understood by the defendant, when he endorsed the nóte in question. .The facts of this case, therefore, fully authorized the application of the principle settled in the cases referred to in Massachusetts’ Reports. This principle is, that a custom or usage being known, must be supposed to enter into the contract, and to constitute terms thereof.'' Those cases do not proceed upon the idea, that a bank, or individual, by adopting a particular usage, alters the general law. But the principle is, that the party who deals with such bank, with a knowledge express or implied, of its usage, thereby agrees to waive his strict legal rights, and to be governed by such usage. But the “ reasoning” of the court in Renner vs. The Bank of Columbia, proceeds upon the ground, that a party who deals with a bank, *685 thereby agrees to be governed by its usages, whether he knows, or can in fact be presumed to know, those usages or not. This principle having been assumed in that case, though not called for by its facts, the court in the case of Mills vs. The Bank of the United States, applied it to a case, where, in fact, no such knowledge existed, or could be inferred from the proof. Mr. Justice Story in the latter case, evidently, only yielded to what he considered as having been settled in the former case. It is worthy of remark here, that in the case of Renner vs. The Bank of Columbia, neither Chief Justice Marshall nor Justice Washington, or Duval, sat in the cause, and that Mr. Justice Story dissented. The principle was therefore established by a minority of the judges of the court, against the opinion of the ablest judge who heard the cause. How proper soever it might have been for that court to maintain the principle in subsequent decisions, and to apply it to facts differing from the case in which it was established, it certainly does not commend itself imposingly to this court as authority. But we are called upon in this case, to go much farther than either of the cases referred to has gone. The custom proved in this case, is not one by which all the notes negotiated in this bank are regulated, but it is a custom applicable to only one day in the year. In the nature of things, the cases on which this usage has been acted on, must be comparatively few; actual knowledge of it, cannot therefore, be reasonably inferred, even in relation to habitual dealers in the bank. But that a man who is not proved to have dealt at all with the bank heretofore, shall be held bound by such usage, ■ is to subvert altogether, the original principle of the cases, and to substitute the usage of a bank as the law of the contract, *686 in opposition to and disregard of tbe general law. This we think, cannot be done. If the privileges of the party-are to be waived by reason of a usage it must be shown to be known to the party; but the knowledge may be inferred from proof of previous dealing with the bank.
Let the judgment be affirmed.