## George Dennie *vs.* John S. Walker.

It is no excuse for not making a demand of payment of a note, that the maker of the note is absent on a voyage at sea, the maker having a domicil within the State. Where no demand was made of the maker, in such case the endorser was holden not liable.

Notice of non-payment of a note given to the endorser prior, to a demand of payment of the same on the last day of grace, is void, unless sustained by some different usage assented to by the party to the bill, or note.

This case was assumpsit against the defendant as endorser of two promissory notes, dated April 17th, 1832. The notes were made and signed at Portsmouth, by William Walker, a son of the defendant, and were drawn payable to the defendant, or his order, and by him endorsed to the plaintiff. One of said notes was payable in twelve months from its date, the other in eighteen months. At the time said notes were made, the maker and endorser were residents of Portsmouth, and the plaintiff was a resident of Boston ; and the several parties retain the same residence.

The plaintiff proved, that on the 17th of April, 1833, and on the 17th of October, 1833, he addressed a letter to the defendant, notifying him that the notes were unpaid, and demanding payment of him as endorser, which letters were severally put into the Boston post-office, on the said 17th day of April, and the 17th of October, 1833, directed to the defendant at Portsmouth.

The maker of the notes, before their maturity, sailed from Portsmouth on a whaling voyage, and has not yet returned ; but his family continue to reside at Portsmouth. The defendant knew that the maker had gone on the above described voyage. The plaintiff did not, when the notes became due, make any search or enquiry for the maker of the notes, or make any demand of payment. It was agreed

that judgment should be rendered as the court should direct, upon consideration of the foregoing facts.

*Hackett*, for the plaintiff.

*Goodrich*, for the defendant.

UPHAM, J. In this case, an attempt is made to hold the endorser of the note liable, without a demand upon the maker. No excuse is rendered why demand was not made upon the maker, except that he was absent on a whaling voyage at the time the note became due ; but it is admitted that his residence remained unchanged, and that his family still continued to reside in Portsmouth.

A removal without the bounds of the government, after the making of a note, and before it becomes due, and where no place of payment of the note is specified, renders a demand upon the maker unnecessary ; but this is an exception to the general rule, and must be construed strictly. Any thing less than an actual change of residence, by removal without the State, would leave the rule too uncertain. In case of a mere absence from one's place of residence, it is immaterial whether it is for a longer or a shorter period. If the maker has a known domicil, or place of business within the State, a demand of payment at such place is essential, in order to charge the endorser. *McGruder* vs. *Bank of Washington*, 9 *Wheat.* 598 ; *Bailey on Bills* 127 ; *Upham* vs. *Prince*, 12 *Mass.* 14 ; *Anderson* vs. *Drake*, 14 *Johns.* 114 ; *Moodie* vs. *Morrall*, 1 *S. Car.* 367 ; *Whittier* vs. *Graffam*, 3 *Green.* 84 ; *Freeman* vs. *Boynton*, 7 *Mass.* 483 ; *Lincoln & Kennebeck Bank* vs. *Page*, 9 *Mass.* 155 ; and *Lincoln & Kennebeck Bank* vs. *Hammatt*, 9 *Mass.* 159.

There is another exception, which is fatal to this case. No allowance was made for the three days grace, to which the maker was entitled by our statute of December 31st,

1828. *N. H. Laws*, 498. The notice, therefore, was given prior to the time when the note became due, or when it might legally be protested.

In *Leavitt* vs. *Simes*, 3 *N. H. Reports* 14, it was holden, that when a note is made payable in a given number of days with grace, a demand made before the last day of grace is insufficient to charge the endorser. If a demand before the note becomes due is invalid, a notice before the note becomes due is necessarily so, as every notice to be available must be based upon a legal demand. A notice given then as in in this case must be void. In *Leftley* vs. *Mills*, 4 *D. & E.* 170, it was questioned whether notice could be given to the endorser on the third day of grace, after protest was made; but it may now be considered as settled, that notice may be given and suit brought against the endorser on the last day of grace, after protest has been made, the note being then considered dishonored. *Burridge* vs. *Manners*, 3 *Camb.* 193; *Greely & al.* vs. *Thurston*, 4 *Green.* 479; *Stanton* vs. *Blossom*, 14 *Mass.* 116; *Shed* vs. *Brett*, 1 *Pick.* 401; *Bussard* vs. *Levering*, 6 *Wheat.* 102; *Lindenbergen* vs. *Beall*, 6 *Wheat.* 104; *Corp* vs. *McComb*, 1 *Johns. Ca.* 328; *City Bank* vs. *Cutter & al.*, 3 *Pick.* 414. No notice given prior to that period can be sustained, unless through some bank or other usage, which the parties to a bill or note are conversant of, and have assented to.

In this case, there was no sufficient excuse for not making a demand of payment of the maker of the note; and there was no legal notice of nonpayment, had such demand been unnecessary. The endorser, therefore, on either ground is not liable.                *Judgment for the defendant.*