23  329
88  343

### James Johnson *versus* John Heagan.

If there be a writing on a note, under the signature, put on at the time of the making thereof, varying its terms, and this has been taken from the note by an indorsee and not produced, it will be presumed to have been a material and valid part of the contract, which could not be taken from the note without rendering it void, unless the holder shows clearly and satisfactorily that the removal of the writing from the note made no material alteration.

Where there was written at the bottom of a note, at the time it was made, a memorandum that it was not to be collected until a person named " should take it up himself," as the maker " had paid (such third person) for the same," such memorandum constitutes a part of the contract, neither repugnant nor immaterial, and cannot be taken from the note by the payee or indorsee without rendering the note void.

The plaintiff, as indorsee brought his action against the defendant on a note given by him to Harriet Treat, dated March 8, 1838, for $28,82, payable on demand with interest. The consideration of the note was two small notes from the defendant to Nathaniel Treat, given up at the time to the defendant by the agent of Harriet Treat. When the note was made, and at the time it was indorsed to Johnson, the follow-

ing memorandum, as the subscribing witness to the note re-
collected it, was at the bottom of the note, and had been
taken therefrom before the time of trial. "This note not to be
collected until Nathaniel Treat takes it up himself, or sees
about (something like that) as Mr. Heagan has paid said
Treat for the same." It was agreed by the parties, that the
Court should order a nonsuit or default, as in the opinion of
the Court might be proper.

*Kelley* and *Pierce*, for the plaintiff, contended that this
memorandum was no part of the contract. 4 M. & S. 505;
Bayley on Bills, 34, 53, 94; 4 Campb. 217; 16 East, 110; 5
Taunt. 30. And that if it were otherwise, that it was wholly
immaterial, and its removal could not affect the validity of the
note. 17 Pick. 418; 10 Conn. R. 192; 1 N. H. R. 97; 15
Pick. 230; 10 Wend. 93. But if we are mistaken here, it is
repugnant to the note, and so void.

*Hubbard,* for the defendant, contended that the memoran-
dum was a part of the note, and that the taking it off by the
plaintiff destroyed the note. 10 Pick. 228, 303; 13 Pick.
165; Bayley on Bills, 14; Chitty on Bills, 17.

The note was not payable at all events, and therefore not
negotiable. Bayley on Bills, 14, 17; Chitty on Bills, 154, 160.

The opinion of the Court was by

WHITMAN C. J. — The plaintiff sues as an indorsee of a
promissory note, made by the defendant to one Harriet Treat.
At the time of the transfer of it to the plaintiff it is agreed,
that there was a memorandum, as mentioned in the deposition
of Lewis C. Kelly, on the note. The statement of Kelley is,
that he signed the note as a witness to the signature of the
defendant, and also, that there was a memorandum on the
bottom of it, which he witnessed; that the words of the
memorandum were these, "this note not to be collected until
Nathaniel Treat takes it up himself or sees about (something
like that) as Mr. Heagan has paid said Treat for the same."

Where there appears to be a writing on a note, under the
signature, varying its terms, it becomes necessary to ascertain

whether it formed part of the note when signed or was merely a memorandum made by the one party or the other, aside from the main design and object of the note. The witness, Kelley, states, that, at the time he witnessed the note, he witnessed the memorandum also. It was, then, on the note when signed by the defendant, and delivered to the promissee. We cannot, therefore, regard it as having been otherwise than a part of the contract. Whatever it was, it is agreed, that it has been cut off from the residue of the note since it came into the plaintiff's hands.

But it is insisted by him, if it was a part of the original contract, that it was an immaterial, and nugatory part of it; and, therefore, that the cutting it off was, at most, but an immaterial alteration; and so that the note was not thereby affected. If it be perfectly clear that he is right in his premises, his conclusion may follow. But, if it were immaterial or nugatory, why should he cut it off? Without seeing it, or an exact copy of it, the Court cannot well conclude whether it was so or not. The witness relied upon to state it cannot be sure of the exact language of it. He states that it was in certain words, or "something like that." The memorandum itself is, or ought to be in the possession of the plaintiff; and, having himself removed it from the note, if it be immaterial, it is for him to make it out. Otherwise the presumption should be against him. If he leaves the Court in the least uncertainty on the question, when it is in his power to remove it, he ought not to complain if the conclusion should be unfavorable to him. The tampering with a contract, by a party interested in it, must always be viewed with suspicion.

But, even if the import of the memorandum were what it would seem, from the testimony of the witness, that it may have been, we might well hesitate before coming to the conclusion, that it was either immaterial or nugatory. It is competent for the parties to make their contracts as may seem to them to be proper; and Courts must construe them in such a manner as, if practicable, to effectuate their intentions.

Here there was an absolute promise to pay on demand. The memorandum, if of the import supposed by the witness, may be deemed but a modification of that promise, viz. to call upon a third person for payment, who was understood by the parties to have received of the defendant the amount due for the purpose. In *Heywood* v. *Perrin*, 10 Pick. 228, the Court held, that, to a note payable on demand, a memorandum subjoined, that it was to be paid half in 12 and half in 24 months, merely limited the generality of the terms *on demand*, and was not repugnant to them. And in *Wheelock* v. *Freeman*, 13 Pick. 165, to certain notes payable on demand, it appeared, a memorandum was subjoined, that the one half should be payable in one year in stock, or the whole in two years in money. The Court held this to be but a modification of the contract, and not repugnant to it. The memorandum in the case at bar, if as supposed, would not be repugnant, but rather a designation of the person and fund to be resorted to for the payment of the money, at least in the first instance; and would therefore constitute a part of the contract, neither repugnant nor immaterial to the promise of payment, but in furtherance of it, and explanatory of the views of the parties. The abstracting it, therefore, must be regarded as rendering the note void.

*Judgment of the Court below reversed.*

*Plaintiff nonsuit.*