## LAWRENCE vs. LANGLEY.

In order to charge the indorser of a promissory note, a demand of payment must be made upon the maker; and notice thereof, and of the non-payment of the note, and that the holder relies upon the indorser for payment, must be seasonably given to him, or a waiver of demand and notice, or sufficient grounds of excuse, must be shown.

A notice to the indorser, prior to the demand upon the maker, or prior to the maturity of the note, is invalid.

And it is not a sufficient ground of excuse, that the promiser is bankrupt, or insolvent, at the maturity of the note.

A new or difficult cause of action is not admissible in a declaration, by way of amendment.

ASSUMPSIT against the defendant, as indorser of a promissory note, made by David J. Lancaster and William Richardson, dated September 1, 1835, and payable to the defendant, or order, in one year from date, with interest, and by him indorsed to the plaintiff.

On or about the first of August, 1835, the plaintiff, being the owner of certain stage property, sold the same to the defendant for $1125. The defendant paid $625 of the purchase money in cash, and transferred the note in suit to the

plaintiff, as security for the payment of the balance.    Before the note became due, Lancaster became bankrupt, and Richardson died insolvent.

On the second day of September, 1836, the defendant was notified of the non-payment of the note, and payment thereof was demanded of him, which he refused.    The plaintiff moved to amend the declaration by adding a count for the property sold the defendant.

The amendment was admitted in the count below, subject to the opinion of this court.

If the court should be of opinion that the action is sustained upon the present declaration, judgment is to be rendered for the plaintiff.    Or, if the court should be of opinion that the proposed amendment is admissible, the case is to be transferred to the court of common pleas for trial.    If otherwise, judgment is to be rendered for the defendant.

*Lyford*, for the plaintiff.

*Hazelton* and *Hale*, for the defendants.

Woods, J.    The defendant in this case is attempted to be charged as the indorser of the note declared on.    In order to that result, it must appear that a demand of payment was duly made upon the maker, and notice thereof, and of its non-payment, and that the holder relied upon the indorser for payment, was seasonably given to the defendant, or demand and notice was waived, or the want thereof excused.

By virtue of the statute, the note was payable with grace. When a note is payable on time, a demand, to be of any avail, should be made on the last day of grace.    An earlier demand is insufficient to charge an indorser.    *Leavitt* vs. *Simes*, 3 *N. H. Rep.* 14.    But in this case it does not appear that any demand at all was made.    And the notice shown was insufficient, even if a proper and seasonable demand had been shown; for, if a proper demand had been

proved, then the notice, being before the last day of grace, would have preceded the demand in point of time, and would for that reason have been merely nugatory. Besides, notice before the last day of grace is insufficient, and void, unless sustained by some usage assented to by the indorsee, which is not pretended in this case. *Dennie* vs. *Walker*, 7 *N. H. Rep.* 199. Here, then, no demand is shown, and no sufficient or available notice.

Does the case find grounds of excuse, relieving the plaintiff from the ordinary duty and necessity of seasonable demand and notice?

If the death of a maker before the maturity of the note, or that and other circumstances, may, and do, in certain cases, thus excuse the holder of a note, (*Hale* vs. *Burr*, 12 *Mass. Rep.* 86 ; *Burrill* vs. *Smith*, 7 *Pick.* 291,) the bankruptcy or insolvency of the maker alone will not. (*Crossen* vs. *Hutchinson*, 9 *Mass. Rep.* 205 ; *Sandford* vs. *Dillaway*, 10 *Ditto* 52 ; *Granite Bank* vs. *Ayers*, 16 *Pick.* 392.) It was the duty of the plaintiff to have made a demand of Lancaster at least, if no more, in order to charge the defendant as indorser.

The amendment in question was improperly admitted. By it a new and different cause of action was introduced into the declaration. At least, it does not appear that the ground of action in the amended count is the same as that in the original count. It is not to be inferred, from anything stated in the case, that it is the same in both counts; but, on the contrary, that the causes of action are entirely different. In the original count the ground of action is the liability of the defendant as indorser of a note, not given upon the consideration of the sale of the stage property, but upon some other and different consideration; while the promise alleged in the amended count is based upon the sale of the stage property to the defendant. The contracts set forth in the two counts are, therefore, not the same. Such an amendment of the declaration is not in accordance with the deci-

sions of this court upon that subject, and is not admissible. *Butterfield* vs. *Harvell*, 3 *N. H. Rep.* 201; *Stevenson* vs. *Mudgett*, 10 *Ditto* 338; *Merrill* vs. *Russell*, 12 *Ditto* 74. According to the provisions of the case there must be

*Judgment for the defendant.*