## OAKES *v.* THORNTON.

If the court decline to order a nonsuit upon a motion founded upon an alleged insufficiency of the plaintiff's evidence, and the defendant thereupon elect to proceed with the trial, in the course of which he introduces evidence which supplies the supposed deficiency in that of the plaintiff, the verdict will not be set aside for the reason that the motion ought to have been allowed when made.

If, in such a case, the defendant would avail himself of the erroneous ruling of the court, he must except to it, and stop the trial, and rely upon this exception.

If there be evidence in a cause sufficient to sustain the verdict found, it is immaterial from which party it proceeds.

CASE, for an injury alleged to have been sustained by the plaintiff, through a defect in a certain highway in the town of Thornton, in March, 1851.

The plaintiff, in the first instance, showed that he was at the inn of one Burley, in said Thornton, on or about the 15th day of said March, 1851, with a traverse sled, loaded and drawn by four horses; that he started on his way towards Plymouth, and that in a short time he was seen returning towards said inn, much injured, from some cause; that he was first seen in that condition between said inn and a certain bridge, at the end of which the injury was alleged to have happened, and several rods north of said bridge, and that the horses and sled were found several rods south of said bridge, standing, one of them having turned round so as to stand looking north; and there was also proof tending to show that a sled had slued in passing the end of the bridge down into the end of the bridge. The plaintiff here rested his case.

The defendants moved for a nonsuit of the plaintiff, upon the ground that the evidence was insufficient to maintain the action.

The court denied the motion, and the defendants excepted.

The defendants then produced and introduced evidence

tending to show what transpired at the place of the alleged accident, and the condition of the road at that place, from which it was competent for the jury to find that the road was out of repair, and that the injury was the result of the want of repair.

A verdict was returned for the plaintiff, and the defendants moved to set the same aside, and for a new trial, for error in said ruling, refusing to grant said motion.

*Hibbard* and *H. A. Bellows*, for the plaintiff.

*Sargeant* and *Quincy*, for the defendant.

Woods, J. The only question in the case arises upon the ruling of the court, refusing to nonsuit the plaintiff.

In deciding this point, we shall not stop to inquire whether at the time the motion for a nonsuit was made, there was or not sufficient ground to sustain it, if the defendants had seen fit to rest the case upon the exception taken to the ruling. The defendants did not pursue that course, but proceeded and laid before the jury, as the case finds, competent evidence, to enable the jury to infer that the highway was defective, and that the alleged injury resulted from the defect. The course pursued operated as a waiver of the exception. The foundation of it was removed by the defendants themselves. The exception rested upon the alleged incompetency of the plaintiff's proof to maintain the action. That deficiency was supplied by the defendants' introduction into the cause of evidence which was sufficient. When that evidence was adduced and laid before the jury, it necessarily had the effect as if introduced by the plaintiff himself. It was not open to objection by the plaintiff; it could not have been withdrawn from the consideration of the jury by the court, and it could not properly have been disregarded by the jury. The plaintiff had a right,

---
---

upon its introduction, to avail himself of it, as much as if it had been introduced by himself.

Evidence is not to be withdrawn from the consideration of the jury, nor is it to be disregarded by them, upon the ground that it was found to be unfavorable to the party introducing it, and even to make a case against such party. All competent evidence, by whatever party introduced, is for the consideration of the jury; and if, upon the whole evidence in the cause, they are found to be warranted in returning a verdict for the plaintiff, he cannot properly be nonsuited. If a party defendant deems the evidence of the plaintiff insufficient to entitle him to a verdict, his course is to object to it upon that ground, and, if the objection be overruled, to except to the ruling, and rest the cause upon the exception. Evidence which, if introduced by the plaintiff, would obviate the objection, will have the same effect if introduced by the defendant. In fact, the case, upon the introduction of the proof by the defendants, confessedly competent and sufficient to maintain the plaintiff's action, stood in precisely the same position it would if the same evidence had been introduced by the plaintiff himself. It was, then, obviously not a case in which a nonsuit could be ordered.

The same point arose in the case of *Webb* v. *Lawrence*, decided in Rockingham, 1843, which was trover for a barn. The plaintiff showed the party under whom he claimed to have been in possession of the barn, and the defendant objected that the state of the proof showed the property in question to be real estate, and that the action of trover could not be maintained, and moved thereupon for a nonsuit, which was denied, and the trial proceeded. In the sequel, the defendant had occasion to admit that the barn was personal property, and a verdict was found against him. The court refused to disturb the verdict, upon the ground that the admission of the defendant cured the alleged defect in the plaintiff's proof, and was an election, on the part of the

defendant, to remove the ground upon which he had moved for a nonsuit, and on which his exception rested.

When the evidence was once laid before the jury, it was the right of the plaintiff to have it considered by them. It would not be reasonable to allow a party to except for the want of competent proof, and to ask for a nonsuit, and, not succeeding in that, to lay the whole case before the jury, it being confessedly competent to sustain a verdict for the plaintiff, and after trying the whole merits of the cause and failing of success, to fall back upon the exception, which confessedly could not be urged when the entire proof was in upon both sides.

The distinct ground upon which the exception, in this case, is overruled is, that when all the proof was in the case, there was no ground of exception, for the reason of its insufficiency to sustain a verdict, and that it is wholly indifferent by which party it was introduced. And that the election to proceed, after the exception, was an election to waive it, and to rely upon the result that should follow the finding of the jury upon all the evidence in the cause.

If the plaintiff failed to furnish competent proof of his case, and the defendants produced other evidence and supplied the deficiency, they certainly have no just ground of complaint; and an exception resting on any such foundation, can furnish no cause for setting aside a verdict returned upon a full and patient consideration of all the evidence, submitted by both sides in the progress of a laborious trial of many days. *Hoyt* v. *Gelston & a.* 13 Johns. 141.

*Judgment on the verdict.*