Guptill *v.* Damon.

## DAVID L. GUPTILL *versus* NOAH DAMON.

The construction of a written contract is a question of law, to be decided by the Court.

But in an unwritten contract, circumstances in proof may essentially vary the literal import of the language used; and it is not the province of the presiding Judge to give a construction to the language, as an imperative rule of law.

It is for the jury alone to determine from all the evidence, what was said and done by the parties to a verbal contract, and therefrom to find their intention.

ON EXCEPTIONS from *Nisi Prius*, CUTTING, J., presiding.

This was ASSUMPSIT on an alleged contract of warranty of the soundness of a horse sold by the defendant to the plaintiff, and for breach thereof.

There was evidence tending to show on the part of the plaintiff, that the horse was unsound immediately after the sale, and on the part of the defendant, that the horse was sound up to the time of the sale.

The only evidence of the warranty was derived from the admissions of the parties subsequently made.

One witness, on the part of the plaintiff, testified that the plaintiff, in his hearing, asked the defendant " if he did not sell him the horse for a sound horse," and that defendant replied that he did.

A witness called by defendant, testified that he asked the plaintiff if " defendant warranted the horse to him," and that plaintiff replied that " he did not; that he would not warrant any horse."

The Judge, among other things, instructed the jury, that if they found that the defendant did, at the time of the sale, say to the plaintiff, " I sell you the horse for a sound horse, but I will not warrant him," then, as matter of law, there was no warranty.

The jury returned a verdict for the defendant.

To the foregoing ruling and instruction, the plaintiff excepted.

*Paine* and *Glazier*, for plaintiff.

The plaintiff should not have been required to prove the horse unsound.

Rule 9 of this Court. — "All matters set forth in the writ and declaration which are not specifically denied, shall be regarded as admitted."

The declaration alleges a promise and a breach, and the specification does not deny the breach.

The Judge erred in giving the instruction he did.

Any distinct assertion by the vendor during the negotiation, intended to bring about a sale and having that effect, will be treated as a warranty. *Hastings* v. *Lovering*, 2 Pick. 214; *Hillman* v. *Wilcox*, 30 Maine, 170; *Osgood* v. *Lewis*, Har. & Gil. 495.

In *Wood* v. *Smith*, 4 C. & P. 45, the buyer said, "she is sound, of course." The seller replied "yes, to the best of my knowledge." On being asked if he would warrant, he said, "I never warrant — I would not warrant even myself." Held to be a qualified warranty.

Assumpsit on breach of warranty will lie, when defendant knew what he affirmed to be false. *Hillman* v. *Wilcox*, 30 Maine, 170.

*Morrill* and *Mills*, for defendant.

TENNEY, C. J. — This action is assumpsit upon the alleged warranty of the soundness of a horse, purchased by the plaintiff of the defendant. At the trial, it was a question whether the allegation was satisfactorily proved or not. The evidence consisted of confessions represented by witnesses to have been made by each party after the sale.

The Judge instructed the jury, that if they found the defendant did, at the time of the sale, say to the plaintiff, "I sell you the horse for a sound horse, but I will not warrant him," then, as matter of law, there was no warranty.

It was for the jury alone to determine, from the evidence, what was said and done by the parties, and therefrom, under

all the circumstances attending the transaction and connected therewith, exhibited in evidence, if any such there were, to find their intention.

The meaning of the parties to a written contract, is a question of law to be decided by the Court. But when the contract alleged is not attempted to be shown by any written instrument, circumstances in proof may essentially vary the literal import of the language employed; and it is not the province of the Judge to give a construction to the language represented to have been used by the parties, as an imperative rule of law. *Homans* v. *Lombard,* 21 Maine, 308; *Copeland* v. *Hall,* 29 Maine, 93; *Houghton* v. *Houghton,* 37 Maine, 72.

The instruction given restricted the jury, in their consideration of the evidence, to limits not fully authorized by law.

*Exceptions sustained, verdict set aside,*
*and new trial granted.*

RICE, APPLETON and MAY, J. J., concurred.

CUTTING, J., dissented, and gave the following opinion : —

This action is attempted to be sustained upon the alleged contract of warranty in the sale of a horse, tried on the general issue, and specifications of defence under the ninth rule of this Court, which requires the party to be confined to the grounds of defence therein set forth. "And all matters and things, set forth in the declaration, which are not specifically denied, shall be regarded as admitted for the purposes of the trial." The specifications filed, deny "all such promises, undertakings or engagements, as are set forth in the plaintiff's declaration." And while the plaintiff admits that the promise is specifically denied, at the same time, he contends that the breach is otherwise. But, that the greater includes the less, is a maxim of law, as well as an axiom in geometry; and after the defendant had denied any warranty, it would seem to have been not only superfluous, but an exhibition of bad taste in pleading, to deny a breach of a non-existing or controverted contract. Such further denial would have assimi-

lated into the inconsistent positions taken in a certain tradi-
tional defence, so often recited by *junior* members of the bar.

The question, made at the trial, was principally as to the
legal effect of the testimony submitted, which was derived en-
tirely from the *confessions* of the parties as to the terms of the
contract; the defendant admitting that he "sold the horse for
a sound horse," and the plaintiff, that "the horse was not war-
ranted to him." In order to reconcile this evidence, the jury
might very reasonably come to the conclusion, that the ad-
mission of both parties referred to the same time, and were
made in the same connection. The contract, then, in relation
to the warranty, would be this:—"I sell you the horse for a
sound horse, but I will not warrant him." As to the fact,
whether such words were spoken at the time of the sale, or
not, was a question of fact *submitted* to the jury. But if found
in the affirmative, the jury could not render a general verdict
without instructions as to the legal import of such language;
and it was the duty of the Judge thus hypothetically to in-
struct them; otherwise, their finding must have been special,
leaving the conclusions of law to be drawn subsequently by
the Court, which is not usual in practice, although either
mode might lead to the same result. The one form or the
other must be adopted, or questions of law, as well as mat-
ters of fact, must, from necessity, be submitted to the jury.
The instructions, in this respect, were in exact conformity to
the law, as laid down by the Court in *Rice* v. *Dwight Manu-
facturing Co.*, 2 Cush. 80, where FORBES, J., in delivering the
opinion, remarks:—"It was, no doubt, the province of the
jury to decide all questions of fact; but it was the duty of the
Court to instruct the jury, hypothetically, that if a particular
fact or combination of facts was proved, certain legal conse-
quences would follow. The *language* used by the parties
while contracting, may be proved, and when proved, it is to
be taken in its *usual* and *ordinary* acceptation; and however
difficult it may be, and frequently is, to put a just construction
upon it, still that duty devolves upon the Court. *The jury*

Guptill *v.* Damon.

*are to find whether or not the language was used; the Court are to instruct the jury as to its legal effect, if used."*

The mode of the instructions, therefore, being in accordance with both usage and authority, the remaining question, and the one principally relied upon, is, were the instructions legally correct as applicable to the contract as found by the jury; or, in other words, if a person sells a thing as sound, but will not warrant it as such, is he notwithstanding a warrantor? And this very proposition shows the correctness of my conclusion upon the former point. For, if eminent counsel disagree as to the force and effect of language, how can it be presumed that the jury, without instructions in matters of law, could come to a correct legal result? Suppose the Judge had said to the jury, "if, from the testimony, gentlemen, you should find a warranty, you may then proceed to consider," &c. Such a charge would have presented to the jury the same question of law that is now presented to us.

This case differs from those cited by the plaintiff's counsel in some important particulars. Here there was *no evidence offered*, that defendant knew at the time of the sale, that the horse was unsound, or that the parties relied upon any representation as a warranty.

In *Hillman* v. *Wilcox*, 30 Maine, 170, the Court say:—"If the defendant represented his oxen to be sound, when he knew they were not, and the parties relied upon the representation as a warranty, he would undoubtedly be liable to an action *ex delicto*, for the deceit. The plaintiff might elect to sue him in assumpsit or case, if the representations were intended as a warranty."

In *Wood* v. *Smith*, 4 C. & P. 45, the allegation was, that the defendant said the mare was sound to the best of his knowledge, and the proof was, that she was not sound, and the defendant knew it.

In *Hastings* v. *Lovering*, 2 Pick. 214, it is decided, that a representation amounts to a warranty, when it is so intended by the parties. Here there could have been no such intention, for the language used wholly negatives such a conclusion. I think, therefore, that the exceptions should be overruled.