## PRESCOTT *v.* HAYES.

Where the intention is apparent, any error in the particulars or details of a description will be disregarded, as well in the case of a mortgage note as of persons or property.

A party who claims property under another, is bound by his admissions made while owner, as if made by himself.

The acknowledgement of a consideration received is not evidence of that fact against existing creditors ; and a deed is presumed to be fraudulent as against them, till proof of consideration is given.

A mortgage deed of real estate is not to be deemed fraudulent solely because the note secured covers the amount of a debt for which the mortgagee is liable, nor because its true character as a liability, and not a debt, is not stated.

Proof of a rumor of an adverse claim to property sold, is not admissible to affect the question of its value.

WRIT OF ENTRY. The plaintiff made title under an extent upon the demanded premises on an execution issued on a judgment recovered against George Hayes, March term, 1857. He put in evidence the judgment, and the note on which it was founded, dated July 6, 1855, and signed by George Hayes. An attachment was made in that suit, October 9, 1855, of the demanded premises. The defendant then proved a mortgage from George to himself of the same premises, executed October 5, 1855, to secure a note of even date for $2,550, payable to the defendant, or order, in three years, with interest, signed by George; and also a note, corresponding with that described in the condition in all respects, except that it was for $2,555. To the admission of this note the plaintiff objected, on the ground that it varied from the condition of the mortgage; but the court admitted it. The defendant having proved the mortgage and note, rested, and the plaintiff thereupon moved the court to direct a verdict in his favor; but the court declined to do so, ruling that the defendants' evidence was *primâ facie* an answer to the plaintiff's case. The plaintiff then introduced evidence tending to show that the defendant's mortgage was fraudulent and void as to George's creditors. It appeared that the $2,555 note was the only one the defendant held against George at the date of the mortgage, except the two that were then given up, as hereafter stated; that it was made up by adding to two notes for $167, and $248, and interest, given by George to the defendant (which were thereupon

given up), and to certain other claims, the sum of $1,200 on account of a note then outstanding to a bank for that sum, on which the defendant and two others were sureties for George. This note had not been paid, in whole or in part, by the defendant at the date of the mortgage; and he did not then make any agreement with George to pay it, and was under no liability in relation to it, except that incurred by signing it as surety for George; but subsequently to the mortgage, and before the date of the plaintiff's writ, he made some payments of interest upon it. It also appeared that at the date of the $1,200 note, George gave to the other two sureties two mortgages on other real estate, to indemnify them for their liability on that note, of which the defendant had notice prior to October 5, 1855. The value of the property covered by these two mortgages was in controversy, the plaintiff contending that it was ample security for the liability on the $1,200 note, and the defendant denying it, and evidence was introduced as to the value of the property so included on both sides. The value of a certain tannery in Rochester village, included in one of the two mortgages, was the subject of controversy. The defendant introduced evidence that the right in equity to redeem it from certain mortgages was seized by an officer on the execution before mentioned, and offered by him for sale at public auction, but no bid was obtained for it. Thereupon the plaintiff offered to show that one Chase had an alleged claim on the tannery, and that his claim was often talked of in Rochester village about the time of the auction; to which the plaintiff objected, and the court excluded the evidence. The plaintiff asked the court to rule that the mortgage was made fraudulent and void as against George's creditors, because part of the note it was given to secure was made up of the sum of $1,200, added in on account of the bank note, under the circumstances before stated. The court declined so to do, but instructed the jury that this liability was a good consideration, *pro tanto*, for the mortgage note, and the fact that it was included in it would not render the mortgage fraudulent as to creditors, if it was so included in good faith to secure the liability which the defendant was under on the $1,200 note, and without any intent to defraud, defeat, hinder, or delay the creditors of George.

The motion was to set aside the verdict returned for the defendant.

*Wells & Eastman*, and *Christie*, for the plaintiff.

The $2,555 note is not the one described in the condition of the mortgage; no explanation was offered. The court assumed that this note was the one secured, against the plainest evidence—the note itself.

The plaintiff's title is good against all persons who can not make a title from George Hayes prior to the plaintiff's attachment. The defendant claims title under a mortgage, made after the plaintiff's debt accrued, and the burden was on him to show that the conveyance was made to him in good faith, and on sufficient consideration. As against the plaintiff, the defendant's mortgage

is to be regarded as a merely voluntary conveyance, and presumed to be fraudulent, until evidence is offered that the consideration is good and sufficient.  *Kimball* v. *Fenner*, 12 N. H. 248; Am. L. C. 83, note; *Merrill* v. *Locke*, 41 N. H. 486.  Proof of the execution of the mortgage deed and note, made at the same time, is not sufficient.  Both, or either, are but admissions of George Hayes, not binding on the plaintiff.  If the note is *primâ facie* evidence of a consideration, it is held in *Kimball* v. *Fenner* that this evidence is rebutted by showing that the plaintiff was an existing creditor.

The plaintiff should not be prejudiced by introducing proof of want of consideration.  He was prejudiced by the ruling throughout the trial.  He was required to disprove a consideration, because the fraudulent debtor admitted it.

The plaintiff should have been allowed to introduce testimony, as to the Chase claim on the Rochester tannery.  Its notoriety was a good reason for the absence of a bid at the auction.

The mortgage was rendered fraudulent and void as to creditors by including the sum of $1,200.  When the note for that sum was made to the bank, the sureties were fully indemnified by mortgages on other property.  There was no agreement then, or since, that the defendant should assume that note, and he had paid nothing on it when the plaintiff's levy was complete.  To hold such a mortgage good against creditors is against the policy of the law, and tends to mislead creditors, and opens a door for fraud.  No case in the books goes so far.  The farthest any court has gone is to hold that when the surety assumes, or agrees to pay, that is a good consideration for a note, but he can recover only what he has actually paid before judgment.  In *Hazeltine* v. *Guild*, 11 N. H. 390, it is said securities of this kind are not the most appropriate evidence of contracts to idemnify sureties.  Purporting to be an absolute contract to pay the money as a debt, a note is objectionable on account of the use which may be made of it to deceive other creditors.

*Sanborn,* and *Wheeler & Hall,* for the defendant.

The note was produced by the defendant, and appeared with reasonable certainty to be the note described in the condition of the mortgage.  *Robertson* v. *Stark*, 15 N. H. 109, and authorities; 2 Hill. Mort. 303; *Webb* v. *Stone*, 24 N. H. 282; *Somersworth Bank* v. *Roberts*, 38 N. H. 22; *North* v. *Crowell*, 11 N. H. 254; *Colby* v. *Everett*, 10 N. H. 431.

The jury found that the note proved was the note described in the mortgage, as they could not have found for the defendant upon any other ground.

The note made by George Hayes is evidence that he made such a contract, and *primâ facie* evidence that he owed such a debt.  *Kimball* v. *Fenner*, 12 N. H. 252.  The mortgage, then, can not be regarded as a voluntary conveyance.  It was for a sufficient consideration, and the condition truthfully stated.  1 Am. L. C. 50.  A mortgage to secure the debt of another is not voluntary.  *Marden* v. *Babcock*, 2 Met. 99, 104; *Gunn* v. *Butler*, 18 Pick. 248;

*Powers* v. *Russell*, 13 Pick. 76. The burden of proof was on the plaintiff.

The evidence in relation to the claim of Chase on the Rochester tannery was wholly insufficient. If the fact that there was such a claim was material, the evidence of the claim could be produced.

The liability of the defendant on the bank note of $1,200 was a good consideration, *pro tanto*, for the mortgage note. *Hazeltine* v. *Guild*, 11 N. H. 390; *Cushing* v. *Gore*, 15 Mass. 73; *Little* v. *Little*, 13 Pick. 428; *Buffum* v. *Green*, 5 N. H. 81; *North* v. *Crowell*, 11 N. H. 254; *Davis* v. *Mills*, 18 Pick. 394; 1 Hill. Mort. 194, sec. 5.

There was no legal fraud in securing such note by a mortgage of real estate. The jury have found there was such note in fact. *Belknap* v. *Wendell*, 31 N. H. 99.

The cases of *Kimball* v. *Fenner*, 12 N. H. 248, and *Merrill* v. *Locke*, 41 N. H. 486, upon which the plaintiff relies, do not make for him, nor change the burden of proof.

In the first, the plaintiff did not attempt to prove any consideration. In the latter, the plaintiff's claim was admitted, and the defendant offered in part consideration certain notes purporting to be signed, &c., consequently the defendant did not produce evidence of equal or greater weight to balance and control the admitted claim of the plaintiff, as is shown in the case in 13 Pick., above cited.

BELL, C. J.[*] The ordinary rule in the construction of deeds, so often discussed in our Reports, applies to the description of the note in the mortgage of the defendant. If, upon the consideration of the whole deed and the accompanying circumstances, the intention is apparent, any error in the details or particulars of the description will be disregarded. *Johnson* v. *Simpson*, 36 N. H. 94, &c. And this rule has been held to apply equally to the description of other instruments in a deed, as to the description of persons or property. *Emerson* v. *White*, 29 N. H. 499. This rule has been repeatedly applied by the court to cases of erroneous description of the note secured by a mortgage. *Robertson* v. *Stark*, 15 N. H. 109; *Webb* v. *Stone*, 24 N. H. 282. No reasonable doubt could be entertained that the note offered in this case was the note intended by the parties. And this was a matter properly determined by the court, since it is the province of the court to construe and interpret all written instruments, even where extraneous evidence is admissible to aid the construction. *Towle* v. *Bigelow*, 10 Mass. 384; *Bartlett* v. *Smith*, 11 M. & W. 486; *Moore* v. *Garwood*, 4 Exch. 689; *Wason* v. *Rowe*, 16 Vt. 529; *Guptill* v. *Damon*, 42 Me. 271; *Shore* v. *Wilson*, 5 Scott N. R. 986.

It is a rule of very general application that a party who derives title to property from another, or who claims title under him, is bound by his acts and admissions done and made, in whatever form, while he was the exclusive owner of the property, as if made by himself. A deed duly executed is conclusive evidence of the consideration against the maker; not indeed as to the amount, but as to the fact of the consideration paid; so that, as between the par-

[*] DOE, J., did not sit.

ties and those claiming under them, the consideration can not be impeached for the purpose of defeating the conveyance. *Morse* v. *Shattuck*, 4 N. H. 229 ; *Pritchard* v. *Brown*, 4 N. H. 397 ; *Graves* v. *Graves*, 29 N. H. 144 ; *Farrington* v. *Barr*, 36 N. H. 86.

To this general rule there is an exception made by the common law, as well as by the statutes (13 El., ch. 5, and 27 El., ch. 4), which declare every disposition of a man's estate, not made *bonâ fide* and for a valuable consideration, absolutely void with respect to creditors. *Everett* v. *Read*, 3 N. H. 55. To make these statutes applicable in any case, it would seem to be necessary to show that the party denying the validity of a deed is a creditor ; and then as the statute does not declare all deeds void against creditors, but only a particular class, that is, those made *malâ fide* and without a valuable consideration, he should go further and show that the deed in question falls within that class. And it is assigned, as a reason for the production of the attesting witnesses to prove a deed, that the other side may have the opportunity to inquire as to the good faith and honest consideration of it.

To prove the first of these points, that the party was a creditor, he usually proves, as was done in this case, his judgment and the note on which it is founded of an earlier date than the deed of the purchaser. Such a note is an admission of indebtedness, made by the party while he was still the owner of the property, and by which the purchaser is bound as if he had made the admission himself ; and this is sufficient evidence, *primâ facie*, that the party is a creditor, but is liable to be impeached by any evidence of want or failure of consideration, fraud, or the like, if the facts admit of it.

As to the second point, the party who alleges that a deed was made *malâ fide* and without consideration, and is consequently void as to him as a creditor, upon the ordinary principles of evidence would be required to prove the fact. But the rules of evidence are subject to exceptions based upon principles of public policy, and designed to throw the burden of proof upon the party who, from the nature of the transaction, has the best means of knowing the facts, and of showing that his own conduct has been honest and free from fraud.

The question as to this point was early raised and considered in this State, in the case of *Kimball* v. *Fenner*, 12 N. H. 248, where it was held that the acknowledgement in a deed of the receipt of a consideration is not of itself evidence against existing creditors, that a consideration was in fact received. As to creditors who have levied on the land, the deed is to be regarded as a mere voluntary conveyance, and presumed to be fraudulent until some evidence is offered of the consideration ; and that, even if the admission contained in the deed were held to be *primâ facie* evidence of a consideration, that evidence would be sufficiently rebutted by showing that a person who had levied on the land was a creditor when the deed was made. This decision goes far beyond any natural construction of the statutes which merely provide that if deeds are made without good faith, or without a valuable consideration, they shall be void as to creditors ; yet it was competent for the court,

for the purpose of carrying into effect the policy of these statutes, to prescribe a rule of presumption different from that existing in ordinary cases.

The rule established in this case is distinctly recognized in *Belknap* v. *Wendell*, 21 N. H. 184, where it is said, by *Gilchrist*, C. J., that there is no doubt that the general rule is, that a party claiming under a deed must show, as against existing creditors, that the deed was made upon good consideration. And the same point was held in *Ferguson* v. *Clifford*, 37 N. H. 97.

It is not now material to inquire into the correctness of these decisions. Their tendency is toward the suppression of fraud, and is therefore right. And they may perhaps be regarded as establishing an exception to the general rule upon special reasons limited to a particular case. Whether the ruling in this case was in accordance with these decisions or not, is not material here, as the plaintiff has not chosen to rely upon his exception to it, but offered evidence that the mortgage was fraudulent and void, as to George's creditors, and, for any thing which appears, the whole subject was investigated, and all the facts shown. The case then falls within the principle laid down in *Clough* v. *Bowman*, 15 N. H. 515. If a party takes an exception on account of a deficiency of evidence on the part of his adversary, which is in fact well founded, but is overruled erroneously, and he afterward supplies that deficiency by evidence produced by himself, he thereby waives or overrules his exception. A refusal to direct a verdict for the plaintiff is in this respect like a refusal to order a nonsuit. If the party elect to proceed, he waives his exception. *Belknap* v. *Wendell*, 21 N. H. 184.

It is contended that this deed is wanting in that good faith which is essential to a conveyance valid against creditors, and is fraudulent in fact, because its statements are false, and it is in consequence calculated to deceive and embarrass honest creditors in the collection of their debts, in this, that the condition of the mortgage is for the payment of a note of $2,550, when no such sum of money was due to the mortgagee. The case shows that all his claims amounted to $1,350 only, and the balance of the mortgage note was made up by adding the amount of a note for which the mortgagee was a surety with others for the mortgagor, for which he and they had other security, and which he was under no special liability to pay. The court was requested to rule that this mortgage was fraudulent and void as to creditors, because this sum of $1,200 was thus included in the note. But the court instructed the jury that this liability was a good consideration, *pro tanto*, for the mortgage note, and it would not render the mortgage fraudulent as to creditors, if it was included in good faith, and without an intent to defraud, defeat, hinder, or delay creditors. This instruction seems to us to be correct. The liability was a good consideration. A note for a definite sum may be valid as an indemnity for a contingent liability, as was held in *Belknap* v. *Wendell*, 31 N. H. 92, though the holder can recover no more than he has actually paid, or assumed to pay, upon his liability as surety, before the judgment. *Hazelton* v. *Guild*, 11 N. H. 390, and authorities cited. Such a liability is there said

to be a good consideration for a mortgage. The only question would be that of good faith, whether the mortgage and note were put in this form merely for the purpose of the security, or whether there was an ulterior purpose in view, to hold out false pretenses, and to represent the property as loaded with a debt of $2,550, when the actual debt was $1,200 less. There can be no doubt that the proper form of security for a bondsman is a condition of indemnity, but if the security is made in good faith the mode is not essential.

But it is further contended that the mortgage is void as to creditors, under the provisions of the Revised Statutes (ch. 131, sec. 2) which are that no conveyance in writing of any lands shall be defeated, nor any estate incumbered by any agreement, unless it is inserted in the condition of the conveyance, and made part thereof, stating the sum of money to be secured, or other thing to be performed. In the case of *Belknap* v. *Wendell*, before cited, it was held, that according to the Revised Statutes (ch. 132, sec. 7), which provided that, "if such mortgage (of personal property) is given to indemnify the mortgagee against any liability assumed, or to secure the fulfillment of any agreement, other than for the payment of a debt due from the mortgagor to the mortgagee, such liability or agreement shall be stated truly and specifically in the condition of the mortgage, and the affidavit shall be so varied as to verify the validity, truth, and justice of such liability or agreement;" a mortgage to secure a note for a sum of money will be invalid unless the true character of the note as an indemnity, if it be such, is stated in the condition. But it was in that case said, "it has been often held that a mortgage of real estate, given in terms to secure the payment of promissory notes, would be a valid security, though it appeared that the notes were given as collateral security, or as an indemnity, or on some other special agreement of a contingent kind. No statute regulates the taking of such mortgages, except the statute which prohibits mortgages of real estate for the security of future obligations or liabilities." Rev. Stat., ch. 131, sec. 3. It was not understood that the second section was designed to prescribe a rule that an indemnity must be stated as such, and that is still our impression.

To show the value of certain parts of the mortgaged property which was subject to a previous mortgage, it was shown that the equity was seized upon an execution and offered for sale, and no bid could be obtained for it. It was proposed by the plaintiff to show that there was a talk of an adverse claim, which prevented the sale, and the court excluded the evidence. We think rightly. That there was an adverse claim was a fact open to proof by evidence of a different character, if the party deemed it important. No estimate could be formed by a jury of the influence of such loose talk and mere report upon the market value of property. The exceptions being overruled, there must be

*Judgment on the verdict.*