MARCH 11,<br>1875. }              FLETCHER *v.* THOMPSON.

*Practice—Negotiable Note—Days of Grace.*

Where a motion for a nonsuit is erroneously denied, and the defendant, instead of risking his case upon the exception, goes on with the trial and introduces his evidence, the exception is not to be regarded as waived, unless the deficiency of evidence is supplied by one side or the other before the cause goes to the jury.

An instrument in the following form,—" For value received, I promise to pay H. F., or order, twenty-five dollars in one year from date, for the rent of five rooms; and the said H. F. is to build a barnyard fence; and the said P. M. T. is to have all the land back of the house: [signed] P. M. T.,"—is not a negotiable promissory note entitled to days of grace under the statute.

ASSUMPSIT, upon a note of which the following is a copy:

$25.00                              Chesterfield, April 1, 1872.

For value received, I promise to pay Henry Fletcher, or order, twenty-five dollars in one year from date, for the rent of five rooms; and the said Henry Fletcher is to build a barnyard fence; and the said Thompson is to have all the land back of the house.

PERSIS M. THOMPSON.

Writ dated April 4, 1873. Plea, the general issue, with a brief statement setting forth the following grounds of defence, viz.: (1) That there was a total failure of consideration; (2) that there was a partial failure of consideration, and specifying in what particulars; (3) that the cause of action did not accrue before the commencement of this suit. At the trial, before STANLEY, J., October term, 1874, the plaintiff introduced the note, and rested his case. The defendant then moved for a nonsuit, upon the ground that the note in suit had not become due at the time this suit was commenced; but the court overruled the motion, and the defendant excepted. The defendant then introduced evidence tending to prove a partial failure of consideration, and the plaintiff introduced evidence in reply. The jury having returned a verdict for the plaintiff, the defendant moved to set the same aside, and for a new trial, for error in overruling the motion for a nonsuit. The questions of law arising on the foregoing case were transferred to this court for determination.

*Wheeler & Faulkner*, for the plaintiff.

*Webster*, for the defendant.

LADD, J. If the writing upon which this suit is brought were to be regarded as a negotiable promissory note, and so entitled to days of

grace, I should think the verdict must be set aside for the reason that there is nothing in the case to show that the action was properly commenced on the last day of grace.   It is doubtless somewhat anomalous to hold that the maker of a note has the whole of the last day of grace in which to pay it, and at the same time that a suit may be commenced against him on that day at any time after a demand and refusal.   The preponderance of authority, however, seems to be quite strong that way.   See UPHAM, J., in *Dennie* v. *Walker*, 7 N. H. 201, and also a careful examination of the cases by SHAW, C. J., in *Staples* v. *Franklin Bank*, 1 Met. 43, where the rule is fully held to be so.   The same may also be true in reference to the commencement of a suit after the close of business hours on that day, when there has been no demand.   See authorities cited in the plaintiff's brief.

Assuming the law to be so, it is argued that inasmuch as the plaintiff obtained a verdict, under instructions which were not excepted to, it is to be taken that there was evidence upon which the verdict could legally rest, and that the motion for a nonsuit is to be regarded as waived.   I think this position cannot be sustained.   It has been repeatedly held in this state that where the plaintiff moves for a nonsuit, or either party that a verdict be ordered in his favor by reason of a deficiency of evidence to make a case against him, and the motion is erroneously overruled, if the party against whom the ruling is, instead of stopping the trial and relying on his exception, goes on and introduces evidence which supplies the deficiency, he waives or overrules the objection.   *Clough* v. *Bowman*, 15 N. H. 415 ; *Bowman* v. *Sanborn*, 25 N. H. 108 ; *Oakes* v. *Thornton*, 28 N. H. 44 ; *Prescott* v. *Hayes*, 43 N. H. 598.   But I have found no case which goes so far as to hold that the objection is waived, unless the deficiency is supplied by evidence coming from one side or the other, before the case goes to the jury ; and I think it cannot be so held.   In *Oakes* v. *Thornton*, where the matter appears to have been quite carefully examined, WOODS, J., does not fail to guard against any such result, and against any misapprehension or misapplication of that case as an authority.   He says (p. 47),—"The distinct ground upon which the exception in this case is overruled is, that when all the proof was in the case, there was no ground of exception for the reason of its insufficiency to sustain the verdict, and that it is wholly indifferent by which party it was introduced."

Now, admitting the law to be that a suit may, under certain circumstances,—*e. g.*, after a demand and refusal, or after the close of business hours,—be commenced on the last day of grace against the maker of a promissory note, I think the plaintiff, before he can recover in a suit thus begun, must show these extraneous circumstances upon which his right to maintain the action depends.   It would follow that, regarding this as a negotiable promissory note, the motion for a nonsuit ought to have been granted when it was made ; and, inasmuch as there is nothing in the case to show that the deficiency was supplied before the cause went to the jury, I think the defendant would still be fairly entitled to his exception on that ground.

But my opinion is, that this writing is not to be regarded as a negotiable promissory note, and therefore that the maker was not entitled to days of grace.

The paper reads,—" For value received, I promise to pay Henry Fletcher, or order, twenty-five dollars in one year from date, for the rent of five rooms ; and the said Henry Fletcher is to build a barnyard fence ; and the said Thompson is to have all the land back of the house." To be sure, the first line contains an unconditional promise, in the usual form of a promissory note, to pay the plaintiff, or order, twenty-five dollars in one year, for the rent of five rooms. But the whole must be looked at together. It is certainly consistent with the terms of the instrument, that the year for which the defendant was to have the five rooms was the same year embraced between the date and maturity of the note,—that is, from April 1, 1872, to April 1, 1873. No part of it, therefore, forbids the conclusion that it was intended to be an agreement to pay twenty-five dollars a year for the rooms at the end of the year ; and the absence of any provision for interest does not weaken this construction. But when we look further, we find two substantial stipulations on the part of the lessor incorporated into the same instrument. He is to build a barnyard fence, and also to allow the lessee the use of all the land back of the house. Could these stipulations against the lessor in favor of the lessee, incorporated into the contract for the payment of rent, and forming on the very face of the paper a part of that contract, be stricken out or separated from it, and the paper, thus mutilated and changed in very material respects, be put in circulation as a negotiable promissory note ? I think not. It seems to me the whole writing together resembles a lease as much as it does a negotiable promissory note, and that the only admissible construction of it is, that it is an agreement whereby the plaintiff undertakes that the defendant shall have the use of certain premises for one year, and that he will build a barnyard fence, and the defendant that she will pay him, or his order, the sum of twenty-five dollars therefor at the end of the year. *Davies* v. *Wilkins*, 10 A. & E. 98 ; *Robbins* v. *May*, 11 A. & E. 213 ; *Leeds* v. *Lancashire*, 2 Camp. 205. This being so, the defendant was not entitled to days of grace, the action was not prematurely brought, and there must be judgment on the verdict.

CUSHING, C. J. It appears to me that the alleged note was not a negotiable promissory note. It was rather in the nature of an agreement for the use of real estate. It contains the defendant's promise to pay, in one year from date, for the rent of five rooms, and then contains a statement of matters which Fletcher is to perform. The payment of the note depended on the contingency of the defendant's being permitted by the plaintiff to occupy the five rooms, and if she had been evicted by paramount title, or been in any other way, by the fault of the plaintiff, prevented from occupying the rooms during the year, that would have furnished a defence, either wholly or partially, as the case might be. The note, therefore, being dependent upon a contingency, was not negotiable, and therefore was not entitled to grace.

SMITH, J.   The construction to be given to this instrument seems to be this : It is an agreement by the defendant to pay twenty-five dollars at the end of one year, to the order of Henry Fletcher, provided he would build a barnyard fence, and permit the defendant to occupy five rooms and all the land back of the house for the term of one year from the date of the agreement.   If the defendant had been interrupted in the possession of the premises by the plaintiff, that would constitute a defence *pro tanto* to this action.    This instrument is not a note payable at all events, but only upon condition that the defendant is permitted to occupy the premises : it is not therefore negotiable, nor entitled to grace.   *Cutter* v. *Powell*, 6 T. R. 320 (2 Sm. Leading Cases 1), seems to be a case directly in point ;—see, also, *Clark* v. *Percival*, 2 B. & A. 660, and *Scammon* v. *Scammon*, 28 N. H. 419.   The exceptions must be overruled, and there must be

*Judgment on the verdict.*