GERRISH *v.* GLINES. {Aug. 13, 1875.

*Promissory note—Fraudulent alteration.*

Where a negotiable promissory note was made payable upon a condition, and the condition was written below the note on the same piece of paper— *Held,* that the note and condition were parts of a single entire contract, and that the fraudulent removal of the condition, by tearing the paper, was such a material alteration as rendered the note void in the hands of a *bona fide* holder.

FROM MERRIMACK CIRCUIT COURT.

ASSUMPSIT, to recover the amount of two promissory notes, each dated July 15, 1872, and payable to O. J. Stickles & Co., or bearer, one for $66.74, six months from date with use, and the other for $250, one year from date with use, and each signed by the defendant. The action was sent to a referee by order of court, who at this term makes report that he finds due from the defendant to the plaintiff the amount confessed, and no more; and he reports his conclusions of fact and law as follows: "The plaintiff's writ is dated March 11, 1874, with general count, and the two notes above described were specified as plaintiff's claim, sought to be recovered in this suit. The defendant confesses the first note for $66.74; and as to the second note described, for $250, says he never promised, etc. Reference to the writ, specification, plea, and confession on file may be had. The plaintiff read said notes and put them in as evidence, and rested his case. On the back of said note for $66.74, is written and crossed as follows:
"Demand notice waived.
"Leonard Gerrish."
The other note, for $250, was written on the back, "Demand notice waived. Leonard Gerrish." The defendant offered to prove, did prove, and I find that when said defendant made and signed said note of $250, there was written on the same paper with said note, and under the defendant's signature to said note, and signed by said defendant and the payee of said note, the following, to wit,—" Condition. This

note is given on the following conditions: W. F. Glines, of the first part, agrees to work his territory faithfully and well; and O. J. Stickles & Co., of the second part, agree if W. F. Glines, of the first part, does not make one thousand dollars over and above what he pays for said territory, then the above note is void and of no effect. [Signed] O. J. Stickles & Co.  W. F. Glines."

The plaintiff's counsel objected to the evidence of this condition, without showing first that the plaintiff had knowledge of it at the time he took or purchased said note.  The evidence was ruled in, notwithstanding the objection, and the plaintiff took exceptions to said ruling. It appeared, from cross-examination of the defendant, that he did not " work all his territory faithfully and well," according to said condition, and from the plaintiff's testimony, without exception, that when he purchased said note, no such condition was annexed to said note, and that he had no knowledge of this condition or agreement at that time, and that he paid a fair and full consideration for said note.

I find that said condition had been torn off, and before the plaintiff purchased said note.  And I rule, under the foregoing facts, that such alteration avoided the note in the hands of an innocent indorsee, and that the plaintiff cannot recover said note in this suit under any view.

The questions of law thus raised were transferred to this court for determination by FOSTER, C. J.

*Barnard*, for the plaintiff.

*Pike & Blodgett*, for the defendant.

LADD, J.  Upon the facts found by the referee in this case, I am of opinion that his conclusions of law were correct, and that there should be judgment on the report accordingly.  It is claimed by the plaintiff, in effect, that the note, and the condition written below it on the same piece of paper, are to be regarded as evidence of two distinct contracts, and treated as two separate instruments.  I think that view cannot be sustained.  The memorandum is entitled " Condition," and its first words are, "*This note* is given on the following conditions," etc.  It seems to me beyond all question, that the condition is one part of a single, entire contract, of which the note is the other; that the whole paper together must be treated as a single instrument, and that any division of it, whereby a negotiable promissory note, which had no legal existence before, was created, was such a material alteration as rendered the whole void; that it was, in fact, no less than a forgery, which would render the note thus brought into existence altogether void, even in the hands of a *bona fide* holder who paid a full consideration for it before maturity.  The authorities, in this state and elsewhere, establishing the rule as to the effect of a fraudulent and material alteration or forgery of a negotiable promissory note, are too numerous and too familiar to require citation.  My conclusion is, that the plaintiff cannot recover the $250 note, for both the reasons given by the referee.

CUSHING, C. J. The note for $250, when issued by the defendant, was qualified by a condition annexed to it, and referring to it in such mode as to show that it was intended to remain attached to it so long as it was in force, and probably until it was detached by consent of the defendant. The payment of the note was then dependent upon a contingency, and therefore the note was not negotiable. *Fletcher* v. *Blodgett*, 16 Vt. 26; *Fletcher* v. *Thompson*, 55 N. H. 308, and cases there cited.

Independently, therefore, of the effect produced upon the note by a material alteration, it is enough for this case that the action cannot be maintained in the name of this plaintiff. When the note was issued by the defendant it was not negotiable, and could not be made so without his consent. It appears to have been altered by tearing off the condition after it came into the possession of the original payee. It is not, therefore, the note which the defendant gave. He has a right to say *non in hœc fœdere veni*—I did not make this bargain. It is plain enough, in reason as well as in authority, that the indorsee in this case is in no better condition than the original payee. The maker of a *negotiable* note is bound by that note as he makes it, and against an innocent indorsee his defences are much restricted; but it is only the note which he actually made, and not a different note, which binds him in this way.

The case of *Johnson* v. *Heagan*, 23 Me. 329, is an authority to show that the removal of the written condition was a material alteration. It is not necessary, perhaps, to consider any further the effect of this alteration in avoiding the note. The cases *Master* v. *Miller*, 4 Term 320, 2 H. Bl. 141, *Burchfield* v. *Moore*, 25 Eng. L. & Eq. 123, *Gardner* v. *Walsh*, 32 Eng. L. & Eq. 162, *Davidson* v. *Cooper*, 11 M. & W. 778, 18 *id.* 343, *Powell* [v. *Divett*, 15 East 29, seem to show conclusively that the effect of such an alteration, made after the acceptance of the bill or giving the note, would be not only to avoid the note in the hands of an innocent indorsee, but also, if fraudulently done, to discharge the debt. *Gibbs* v. *Linabury*, 22 Mich. 479; *Benedict* v. *Cowden*, 49 N. Y. 396.

SMITH, J. The principle, that the fraudulent removal of a memorandum originally attached to a note and qualifying the contract, constitutes a material alteration and destroys the note, is well established. *Benedict* v. *Cowden*, 49 N. Y. 376, and authorities there cited. The plaintiff is entitled to recover the amount confessed, and costs to the date of the confession, and the defendant is entitled to recover costs since that time.

*Judgment accordingly.*