June, 1809.

WILMOT
v.
MONSON.

In an action *qui tam* for usury, the plaintiff alleged a loan by the defendant to *A.* for *sixty-three* days; and produced in evidence a note executed by *A.* and *B.* jointly and severally, payable to the defendant in *sixty* days: Held to be a fatal variance.

If the plaintiff, in an action *qui tam* for usury, sets out specifically the contract, on which he alleges the usurious sum to have been received, he must prove the contract precisely as set out.

WALKER WILMOT *against* ELIHU MONSON.

MOTION for a new trial.

This was an action *qui tam* on the statute against usury.

The corrupt agreement, and the taking in pursuance thereof, were thus alleged: " That at *New-Haven,* on the 8th of *January,* 1807, it was corruptly agreed by and between the defendant and one *Moses Wheeler,* that he the defendant would loan to said *Wheeler* the sum of eight hundred dollars, for the term of sixty or sixty-three days; and he the said *Wheeler* then and there usuriously and corruptly agreed with the defendant to pay, for the use and loan thereof, for the term of sixty or sixty-three days aforesaid, the sum of about thirty-three dollars and fifty cents : and the defendant did, at said *New-Haven,* on the 8th of *January,* 1807, loan to said *Wheeler* said sum of eight hundred dollars, for the term of about sixty days, *viz.* sixty-three days: and said *Wheeler* did, on said 8th of *January,* 1807, pay to the defendant the sum of about thirty-two dollars, *viz.* the sum of thirty-three dollars and fifty cents, for the loan of said sum of eight hundred dollars, for the term of about sixty days, *viz.* sixty-three days as aforesaid : and the defendant did then and there corruptly take and receive of said *Wheeler,* for the loan of said sum of eight hundred dollars, for said term of about sixty days, *viz.* sixty-three days, the said sum of about thirty-two dollars, *viz.* thirty-three dollars and fifty cents."

The defendant pleaded *not guilty.*

On the trial, the plaintiff, to prove the contract set out in the declaration, read in evidence a promissory note of the following tenor:

" *New Haven, January* 8th, 1807. Sixty days from date, we promise jointly and severally to pay *Elihu Monson,* or order, eight hundred dollars, value received.

" *Moses Wheeler.*

" *Medad Hotchkiss.*"

On the back of the note, *Monson's* name was endorsed in blank, and below there was a receipt of payment in full. The plaintiff also introduced evidence to prove that *Wheeler* was the borrower of the money, and that *Hotchkiss* was his surety, and that *Wheeler* applied to the defendant for the loan of the money, who agreed to loan the same at the rate of two *per cent. per* month; which was accordingly reserved and received by the defendant.

The defendant, in his defence, claimed, that in all the negotiations respecting the note and loan, he acted as the agent and broker of *Wheeler;* and that he at *Wheeler's* request, applied to a third person, and procured the money of him at an interest of one and a half *per cent. per* month; and that *Wheeler* agreed to give him, as a commission for his agency in procuring the loan, one half *per cent.* The note was made payable to the defendant, by *Wheeler's* agreement, for the purpose of being endorsed by the defendant, and delivered to the third person, which was accordingly done. To prove this statement, the defendant offered competent witnesses to testify that he was a broker, known to be such by *Wheeler;* that when *Wheeler* applied to him for the loan of the money, he informed *Wheeler* that he had no money of his own to loan, but that he could obtain the same, on the terms before mentioned, on the note of *Wheeler* and *Hotchkiss;* that *Wheeler* and *Hotchkiss* thereupon executed the note, and delivered it to the defendant to raise the money; and that the defendant endorsed it, and delivered it to said third person on the terms before specified.

To the admission of these witnesses, for this purpose, the plaintiff objected; but the court overruled the objection, and they were admitted, and testified accordingly.

After the hearing of the cause, the court, in their charge to the jury, instructed them, that inasmuch as the plaintiff had declared on a loan by the defendant to

*Wheeler, for sixty or sixty-three days,* and the note produced in evidence was a note executed by *Wheeler and Hotchkiss payable in sixty days,* the proof varied from the declaration, and did not support the same. They therefore directed the jury to find for the defendant; which was accordingly done.

The plaintiff moved for a new trial, on the ground that the court mistook the law, both in admitting the evidence offered by the defendant, and in their charge to the jury.

*Ingersoll* and *Staples,* in support of the motion, contended,

1. That the evidence to prove that *Monson,* the payee and endorsor of the note, was a *broker* in the transaction, was improperly admitted. This was merely a scheme to evade the statute. It was, indeed, one of the thinnest veils ever spread over the statute. But the decision of the court on the circuit gave effect to it. This decision ought to be revised, or the statute repealed.

2. That the evidence afforded by the note produced ought to have been suffered to go to the jury. The variance was not material. If we state the *gist* of the action, as we are able to prove it, it is sufficient. Here, the usurious receipt of money is the gist. *That* ought to be stated, and proved as stated. In actions on contract, the *contract* is the gist, and in stating *that,* and proving it, there must be accuracy. Here, we were not obliged to state the contract at all. There is no need of a corrupt contract at the beginning in order to constitute usury. If a man makes a contract for six *per cent.* and does not expect to pay more at the time; but the lender afterwards takes more than six *per cent.* it is usury. Sir *Wollaston Dixies' case,* 1 *Leon.* 96. S. C. cited 22 *Vin. Abr.* 302.

In an information on the statute, by a third person, so great strictness is not necessary, as where a party to a

usurious contract pleads it by way of bar to an action. June, 1809.
The reason given for this distinction is a very obvious WILMOT
one, because the party is privy to the contract, but the v.
informer is not. *Bedo* v. *Saunderson*, *Cro. Jac.* 440. S. MONSON.
C. cited 22 *Vin. Abr.* 307. *pl.* 9. 1 *Hawk. P. C.* c. 82.
s. 24. All that part of the declaration, which relates to
the precise contract, may be considered as surplusage.
Besides, it may well be doubted, whether there is in
fact any variance between the loan stated and that
proved. The loan stated was for sixty-three days; that
proved was by a note for sixty days, on which three days
of grace are always allowed.

To the objection, that the note was also signed by
*Hotchkiss* as surety, the same remarks are applicable.
The note was several as well as joint. The circumstance
that the name of *Hotchkiss* was on the note as surety
was perfectly immaterial. In *Wade, q. t.,* v. *Wilson,* 1 *East,*
195. the contract stated was for forbearance to *Goulton*
alone, and that proved was for forbearance to *Goulton*
and *Yates;* yet, as it appeared that *Goulton* was the real
debtor, and *Yates* had joined with him as security, it was
held that the declaration was supported.

*Daggett* and *Denison,* for the defendant, insisted, that
there is no such difference, as contended for, between
the strictness required in *qui tam* actions, and that re-
quired in pleading to avoid a bond or note. Not a
*dictum* can be found to show that a party, who has
stated his case more fully than he could have been
compelled to do, shall not be held to prove it as stated.
The whole course of decisions is contrary to such a
position. *Bristow* v. *Wright et al. Doug.* 665. and the
cases there cited.

But we do not concede that the averments of time,
sum, and sum paid for forbearance, are unnecessary. It
is not sufficient merely to state that a corrupt loan was
made, and more than six *per cent. per annum* received.

There must be greater certainty than these general allegations offered, in order to apprize the defendant of what he is to meet. *Clark* v. *Moses, Kirby,* 143. *Tate* v. *Wellings,* 3 *Term Rep.* 531. *Carlise, q. t.,* v. *Trears, Cowp.* 671. *Harris, q. t.,* v. *Hudson,* 4 *Esp.* 152. *Ord on Usury,* 130.

There is a class of cases which say, that you may plead that an action is brought for the same matter, cause and thing ; but the reason is, that greater strictness is impracticable, as in trespass, &c. But, it will not be endured, that there should be no greater strictness in actions on instruments. It would be insufferable, that one should bring a suit for two hundred dollars, and then another for 250 dollars, both on note, and the defendant be permitted to plead to the latter, that it was for the same matter, cause and thing.

BY THE COURT. In actions *qui tam* to recover the penalty on the statute entitled " An act for restraining the taking of excessive usury," when the plaintiff sets out in his declaration the contract specifically, on which he alleges the usurious sum to have been received, he must prove the contract precisely as set out. In this case, the evidence offered by the plaintiff, in support of his declaration, went to prove a contract variant from the contract set out, and did not support the issue : and it was proper so to instruct the jury.

New trial not to be granted.