## OSBORNE *v.* FULTON.

If an obligation for the payment of money be set out in the declaration, without any day of payment being specified, it must be considered as payable

Nov. Term,
1822.

OSBORNE
v.
FULTON.

Friday,
November 20.

immediately: and if the obligation read on oyer be payable on a day subsequent to its date, the variance is fatal on general demurrer.

An obligation was described in the declaration as given for the payment of 137 dollars, and the one read on oyer was for that sum to be paid in bank notes: *Held*, on general demurrer, that the variance was fatal.

Across the end of an obligation for the payment of 137 dollars, the following words were written: "The amount of this note to be paid in notes on the bank of *Kentucky*, or the branch bank of *Madison* at *Lawrenceburgh*." *Held*, that those words constituted a part of the contract.

Debt will not lie on an obligation for the payment of a certain sum in the notes of a specified bank: covenant being the proper form of action.

APPEAL from the *Marion* Circuit Court.

HOLMAN, J.—Declaration in debt, stating that *Osborne*, on the 6th of *July*, 1821, by his writing obligatory acknowledged himself to be bound unto *Fulton* in the sum of 137 dollars, without stating when it became due. The defendant prayed oyer, and demurred. The Circuit Court overruled the demurrer, and gave judgment for the plaintiff. The note, read on oyer, is dated the 6th of *July*, 1821, and payable on the 1st of *November* next ensuing. It is for the sum of 137 dollars, with these words written across the end—"The amount of this note to be paid in notes on the bank of *Kentucky*, or the branch bank of *Madison* at *Lawrenceburgh*."

Two questions here present themselves for an answer: First, Is this note sufficiently described in the declaration? Secondly, Will an action of debt lie on it?

In answer to the first, it is evident that the description of the note is insufficient in two particulars: First, the note is set forth without a day of payment, and, as thus described, must be considered as a note payable immediately (1); when, in fact, it was not due for nearly four months. This is a fatal variance. See 2 Phill. Ev. 5, in note; and *Sheehy* v. *Mandeville*, 7 Cranch, 208, and *Wilmot* v. *Monson*, 4 Day, 114, there cited (2). Secondly, the note is set forth as if payable in money, such being its legal operation as thus described; when, by the writing on the end of it, which must be presumed to have been made with the note, and must be taken as a part of the contract, it was to be paid in notes on the bank of *Kentucky*, or the branch bank of *Madison* at *Lawrenceburgh*. This variance is also fatal. See 2 Phill. Ev. 4, 5; and *Kearney* v. *King*, 2 Barn. & Ald. 301, there cited.

This view of the note will answer the second question: for, as the note is for the payment of 137 dollars, in notes on the

bank of *Kentucky*, or the branch bank of *Madison* at *Lawrence-burgh*, an action of debt will not lie upon it. See *Hedges* v. *Gray*, and *Wilson* v. *Hickson*, decided at this term. Covenant is the proper action; and the value of the bank notes, a fact that should be found by a jury.

*Per Curiam.*—The judgment is reversed, with costs.

*Dewey* for the appellant.

*Nelson*, for the appellee.

(1) Acc. *Farquhar* v. *Morris*, 7 T. R. 120.—*Thompson* v. *Ketcham*, 8 Johns. R. 189.—*Sebree* v. *Dorr*, 9 Wheat. 561. So a note for a certain sum, "which I promise to pay as soon as I can," is payable immediately. *Kincaid* v. *Higgins*, 1 Bibb, 396.

(2) In a suit on a promissory note, the declaration set forth the note as payable *on demand*, and the note offered in evidence was payable 54 *days after date*. The evidence was rejected. *Page* v. *The Bank of Alexandria*, 7 Wheat. 35. So, in an action on the assignment of a note, the declaration did not state the note to be payable at any particular time, but the record of the suit which was offered to show due diligence against the maker, was founded on a note payable 12 *months after date: Held*, that the variance was fatal. *Sebree* v. *Dorr*, 9 Wheat. 558, 561.