Opinion op the Court, by
Ch. J. Boyle.
THIS was an action of debt for $300, brought by Brown against Adams, in the Garrard circuit court, The declaration alleges, that “on the 15 th of July 1817, in the circuit aforesaid, the defendant, with William Heard and Joshua Jacobs, by his writing obliga1' tory, of that date, acknowledged himself indebted, and promised to pay to the plaintiff the aforesaid sum of $300, jointly and severally. To which writing was attached the following condition: That if the said Heard should succeed in an injunction which he tained against said plaintiff for $100, with interest, or, in case of failure, should pay to the plaintiff all costs and damages which he should sustain in consequence of .said injunction, then the said obligation to be •otherwise to remain in full .force. Which writing, with the aforesaid condition, is heie shown.” •
The declaration then proceeds to allege the breaches of the condition. The defendant having craved oyer of the bond and condition, and spread them upon the record, demurred to the declaration; and he also pleaded conditions performed. The circuit court overruled the demurrer, and upon the issue joined upon the plea, the plaintiff had a verdict and judgment, to which the defendant prosecutes this writ of error. Several points were made, by exceptions taken f° the opinion of the circuit court in the progress of the trial in that court; but we have not thought itnecessa-ryjo give a detail of the record in relation to those points, inasmuch as we are of opinion that the tion is defective, on the ground of a material variance between the condition of^the bond declared on, as stated in the declaration, and as it is spread upon the record by oyer. •
The injunction is described in the condition of the bond, as stated in the declaration, as “ an injunction which he (Heard) obtained against said plaintiff for $100, with interest,” &c.; whereas the condition of the bond, as spread upon the record, describes the lion as restraining “ all further proceedings upon a *8 judgment obtained by the plaintiff against Heard, in ^e Garrard circuit court, at the March term thereof, 1817, except so much as $50, with interest and costs upon the judgment,”
These descriptions of the injunction are, in terms, ^manifestly different. The injunction for $100, and the injunction restraining proceedings upon a judgment, except $50, with interest and costs, may, indeed, be the same in effect; but there is no averment that they are so, and where the descriptions are so variant, without such an averment, they cannot, judicially, appear to be the same, and de non apparentibus et noji exis-tentibus, eadem esl ratio.
But there is still a further variance between the com diiion of the bond as alleged in the declaration, and the condition as set forth upon oyer, in this, that the former is “ to pay to the plaintiff all costs and damages which ho should sustain in consequence of the injunction,” and the latter is, “ to pay all costs and damages that may accrue in consequence of the injunction.” Now, the word sustain, used in the former, and the word accrue, used in the latter, are.not only different terms, but terms of different import, as they are here applied. The word sustain, implies a loss; but the word accrue, implies a gain or acquisition. The costs, for example, whether extra or legal, expended by tbe plaintiff in consequence of the injunction, might be said to be sustained by him; but it is only such as we.re decreed to him, that could, with propriety, he said to have accrued to him in consequence of the injunction. So, any damages occasioned by the delay produced by the injunction, may be said to be sustained by the plaintiff; but it is only those damages which were adjudged to him by the decree of the court, on a dissolution of the injunction, which can, with propriety, be said to have accrued to the plaintiff.
The judgment must be reversed with costs, and the cause be remanded, that the plaintiff may have leave to amend his declaration, if he shall apply for that purpose, and if not, then judgment may be entered upon the demurrer, for the defendant.