Turley J.
delivered the opinion of the court.
This is a case of an issue of devisavit vel non, tried in the circuit court of Franklin, which was found against the will, from which the executor appeals.
Although we think the jury might from the proof have_well found in favor of .the will, yet this is not a case in which we would reverse the judgment upon the proof. But'upon the trial declarations made by the executor of his opinions in relation to the execution of the will made out of doors and not *549 upon oath, and which were well calculated to produce an improper effect upon the jury, were received, though objected to. The executor has no interest whatever* under the will, being a mere naked trustee. The admissions of a naked trustee are not admissible to effect the rights of the cestui que trust, but he may be examined, if the contending party thinks proper. It is a principle, to be sure, of the common law, that a party to the record shall not be examined; but this is confined to proceedings at the common law. Now the proceedings on an issue of devisavit vel non, are not at the common law, but are sui generis, and regulated by statute. In England, a will for personalty is attacked in the ecclesiastical courts, and for realty, in the common law courts, and in either case, an executor, is a competent witness, if not interested, and if interested, may be examined by the opposite party. There would be no sound reason for an opposite rule. There has been nothing decided in this state, conflicting with this rule. The common law rule, that a party to a record shall not be examined as a witness, has been recognized, and that the admissions of an administrator are evidence against him in a suit to which he is a party; but this is upon the ground that an administrator is the direct representative of the intestate, and may make admissions affecting matters in controversy between himself and others, for he is legally entitled to all the personalty and choses in action of the intestate, and is bound to pay all debts due from him; and an executor after the probate of the will, occupies the same position in relation to personal effects; but before the probate of the will and issue of letters testamentary, he does not represent the personalty at all, and therefore can make no admission, whatever about it. But in this case, the admissions sought to be used, are not as to rights and claims tinder the will, but as to the validity of its execution. If the will be not established, he is not the executor, because there being no will, there can be no *550 executor. And if it be established in the present case, he claims no interest under it, and there is, therefore, no reasonable principle for excluding his evidence and receiving his random declarations. To establish a different principle, might, and would no doubt, often be productive of mischief; it puts it in the power of an unprincipled executor to make admission without truth, he not being on oath, to destroy the will and defeat the trust he was selected to execute. It is in vain to say that the jury should pay no attention to such admission. The veryfactthat he propounds the will for probate gives them a weight} they would not otherwise be entitled "to, and this cannot be obviated. These admissions are either worth something or nothing; if something, they ought not to be heard, because they are illegal; if nothing, they ought not to be heard, because they are irrelevant, and may produce improper effects upon the jury.
For these reasons, we feel it to be our imperative duty to reverse the judgment of the circuit court, and remand this case for a new trial, where the contending parties may examine the person appointed as executor, upon oath, if they think proper.
Judgment reversed.