McKinney, J.,
delivered the opinion of the court.
This was an action of ejectment. It appears that James, the defendant in the action, entered into possession of the premises described in the declaration, under a .verbal contract of purchase from Patterson, the lessor of the plaintiff, which was never reduced to writing. And from the time of such entry, continued for a period of more than seven years before the commencement of this action, to hold and claim the same for himself, and adversely to Patterson, and all other persons.
Upon this state of facts, the circuit Judge held the law to be, that the contract of purchase, under which James entered, being void in law, he became the tenant at will of Patterson, and “could not dispute the title of his landlord, or set up the statute of limitations, as a defence to this action, unless he had disclaimed his tenancy, and set up to hold the land for himself.” And then the fact of his adverse holding, “must have been so notorious, as to show to the plaintiff, that the defendant was not holding the land in his character of tenant, but adversely to the claim of the plaintiff,” such was the instruction given to the jury.
This instruction is erroneous in two respects. First, in assuming that James, by reason of his having gone into possession of the land, under a contract of purchase void in law, was thereby placed in the relation of a tenant, so as to be estopped to gainsay the title of Patterson. And, secondly, in holding that the fact of James’ adverse possession, must have been known to Patterson, before the former could avail himself of the statute of limitations.
The relation of one who enters into possession of land, un *311 der a contract of purchase, though verbal, is in almost every respect, wholly unlike that between tenant and landlord.
The former, in point of fact, enters to hold exclusively for himself; he is neither to render rent, nor other service, in consideration of his possession, nor is he to restore the possession of the premises to the seller. He is under none of the positive obligations of a tenant by actual contract.
He owes no fealty to the seller — and in claiming to hold in opposition to him, or in refusing to surrender the possession to him, he is guilty of breach of faith.
On the contrary, his claim to hold for himself is consistent with the contract, under which he was let into possession.
It is true, the contract is inoperative in law, and may be avoided by either party, but that does not affect the matter of fact, in respect to the nature and character of the entry, and possession of the purchaser.
The relation of such purchaser is not very distinctly or intelligibly defined. It seems to be considered, that as the contract under which he took possession, is void, and consequently he has no title in himself, he is to be regarded in law, as holding under the title of the vendor, and as occupying a relation somewhat similar to that of a tenant at will. But this is a mere presumption of law, which may be repelled by showing that, in fact, having entered for himself, he continued to hold for himself.
Former decisions of this court, have not, as was suggested in argument, carried this doctrine of constructive tenancy further than is here stated. In Meadows vs. Hopkins, Meigs’ Rep., 181, it is said, the relation between vendor and purchaser, “is somewhat similar to that which exists between a landlord and his tenant.” In Chilton vs. Niblett, 3 Humph., 404, the court say, “a person in by verbal purchase, is not the actual tenant of his vendors, but for some purposes, has been held quasi, his tenant.” The case of Valentine vs. Cooley, *312 Meigs’ R., 613, and other cases referred to, do not assert a contrary doctrine, although less qualified forms of expression have been used.
Admitting, then, in its fullest extent, the principle, that one who is in possession, under a verbal purchase, is to be presumed, in the absence of all proof to the contrary, to hold in the character of tenant at will, of his vendor, still it is a tenancy, arising, not out of contract, but by mere implication or construction of law. And the doctrine of estoppel, as between landlord and tenant, has no application to such constructive relation, it applies only to the actual relation created by contract. Vance vs. Johnson, 10 Humph., 214-219.
In respect to slaves, if has been held, that although by the act of 1831, a gift of a slave is void, unless it be in writing, nevertheless, if the donee claim the ownership of the slave, under such void gift, his possession is adverse to the donor, and the statute of limitations applies. Turner vs. Grainger, 5 Humph., 347; McKissick vs. McKissick, 4 Humph., 75.
In the former case, it is said, “the possession of the donee would from the nature of the transaction, be for himself exclusively, and the statute would commence running; and if the donor did not by suit, or otherwise, reclaim the property, the title, not by operation of the gift, and delivery, but by the adverse possession, would be vested in the donee. The verbal gift in such cases, invalid as conferring title, would yet serve to manifest and establish the nature and character of the do - nee’s possession.”
This reasoning applies with equal force to the case under consideration.
The vendor having transferred the possession of the premises to the purchaser, under a contract of sale, there existed no tenancy to be disseised or disclaimed by the latter before availing himself of his adverse possession. The former had no claim upon the latter, to hold possession for, and under *313 him; the nature of the contract between them, excluded any such idea. And if he meant to avoid the contract on his part, or if it were repudiated by the other party, it was incumbent on him, at his peril, to take notice how the purchaser was holding, and to adopt measures in proper time to regain the possession. We are of opinion, therefore, that upon the facts presented in this record, the second section of the act of 1819, is a bar to the recovery sought in this action; as far forth as the defezidant’s actual possession by enclosui’es, for thepezdod of seven years, before the commencement of the action, may have extended.
The judgment will be reversed, and the case remanded.