TotteN, J.,
delivered the opinion of the court.
The action is unlawful detainer, to recover the possession of three hundred and fifty acres, of land in the county of Rhea. The verdict and judgment in the circuit court were for defendant, and plaintiff has appealed in error to this court.
The plaintiff purchased the land from John Winfrey, who had been the owner for several years, holding a title bond on Wesley Martin. The bond was delivered to plaintiff without assignment. Under the purchase, *52 plaintiff toot possession of tbe land, there being a farm upon it, and by bis tenant beld tbe possession for one year. He then, by verbal contract, sold and delivered possession of said land to tbe defendant, who was to pay therefor two hundred dollars in four annual payments, and plaintiff was to have one half the fruit that might be grown on the place during the said four years. Defendant went into possession under this agreement, about January, 1849. He afterwards denied the plaintiff’s right, repudiated the said contract, and purchased a title from one Burdett. The plaintiff thereon notified the defendant to restore the possession bach to the plaintiff, and demanded it of him. The defendant refused to deliver the possession, but retained it, and claimed it for himself, under the title procured from Burdett. This suit was thereon instituted in November, 1849, to recover said possession.
His honor, the Circuit Judge, was of opinion that the action could not be maintained, and so, in effect, instructed the Jury.
In this we think there was error. The defendant, as purchaser, entered upon the premises, and held possession under his contract. Holding under his contract as owner, the possession was his own, and was adversary to the right,' even of his vendor. He was not to restore the possession, but retain it for himself. If, therefore, it had continued for three years, the present action could not be maintained; if, for seven years, the action of ejectment could not be maintained under the acts of limitation. To this effect we held in a case at Nashville, December, 1851.*
*53 But the agreement being merely verbal, was not obligatory under the statute, and it was in the power of the defendant to repudiate it and to refuse to hold under it. This he did, and the agreement was abandoned by both the parties.
But the defendant’s possession, and right of possession, were derived from the agreement, and held under it. Without it he was a mere trespasser, and liable to be turned out for his forcible entry and detainer.
It was the agreement that made his entry lawful and peaceable; but the moment he repudiated it and held against it as he might do, his possession then came wrongful and unlawful; because there was no longer a subsisting agreement to render it a rightful possession.
Now, the Act of 1821, ch. 14, § 3, provides that where the entry has been lawful and peaceable, but the detainer is unlawful and forcible, the action of unlawful detainer will be to recover the possession. Such we conceive is the present case. The principle that governs the case is simply this: an invalid contract under which the parties have been acting, being avoided and repudiated by them, it is just and reasonable that the parties be placed m statru quo.
As to the rents and damages, the plaintiff is entitled to such as accrued from and after the time when the defendant’s possession became wrongful and unlawful. These he may now recover in the present form of action, as incidental to the recovery of the possession: Act 1842, ch. 86.
The judgment will be reversed, and the cause remanded for another trial.
Judgment reversed.

James vs. Patterson’s lessee, 1 Swan, 309.