## BEEBE v. BROWN *et al.*

In an action upon a special contract, evidence of a contract, materially different from that upon which suit is brought, may be excluded.

*Appeal from Potawatomie District Court.*

*Opinion by* HALL, J.   This was a suit brought by Isaac Beebe, against the defendants, Mary Brown and Adaline Perry, for a mechanic's lien.   The petition sets out two contracts.   By one, the plaintiff agreed to do certain work in repairing a house for the sum of forty dollars to be paid by defendants.   The other contract was to build an addition to the first mentioned house, for which defendants agreed to pay one hundred and eighty-five dollars.

The answer of the defendant denied all the allegations in the petition, and sets up new matter in defense.

On the trial in the court below, the plaintiff proved that he made the repairs upon the house, and that in making them, he was at work by the day; that he worked twenty days in making the repairs, and that his services were worth two dollars per day; and that they agreed to pay him two dollars per day for the work.   He also proved

that he contracted to build the addition to the house for one hundred and seventy-five dollars, and that he had completed the contract; that during the progress of the work, the defendants had so changed the plan that he had to make two additional doors, which he made at the request of defendants; and that the doors were worth ten dollars.

The court below excluded the evidence on the ground of variance between the proof and the allegations in the petition.

Exceptions were taken by the plaintiff, and the ruling of the court below in excluding the evidence, is now assigned for error.

We are not disposed to encourage technical objections in the trial of causes, but we must act upon some general rule that will be safe and just to apply to all causes.

The contract in the one case, is alleged to have been for forty dollars, the proof was two dollars a day.

In the other case, the contract was for one hundred and eighty-five dollars; the proof is for one hundred and seventy-five dollars. Does the evidence prove the contract?

In *Saller* v. *Richardson*, 3 Mon., 203, it is decided that when a bond is sued upon, payable in three months, and the declaration says nothing about interest, and the bond produced on the trial is for interest, the variance is substantial. In *Palmer* v. *McGinnis*, Hardin's Ky., 530, it is decided that when a bond is misdescribed in a declaration, the defendant may plead *non est factum*, and on the trial take advantage of the variance; that he is not bound to crave oyer.

In *Sebastion* v. *Tompkins*, 1 Marshall, 63, it is held that proof without allegations will not authorize a recovery any more than allegations without proof.

*Bunnel* v. *Tainter*, 5 Conn. R., 273, and *Shepperd* v. *Palmer*, 6 Conn. R., 95, where a party declares upon a special contract, it is held that he must prove it, as it is laid in his complaint.

A variance between an averment and proof is fatal, 1 Ham., O., 504.

The contract must be correctly and truly stated in the pleadings, and proved as laid. *Lawrence* v. *Ruies*, 10 John's, 140.

A variance between the description of a note, and the one produced in evidence is fatal. Breeze, 286.

A substantial variance between an agreement set forth in the pleadings and the one proven, is fatal. *Mulford* v. *Bowen*, 4 Halst., 315.

A variance between the declaration and the agreement offered in evidence as to the sum due, is fatal. *Rogers* v. *Estis*, 2 Litt. Select Cases. *Adams* v. *Brown*, 4 Litt., 7; *Osborn* v. *Fulton*, 1 Black., 233; *Mulford* v. *Young*, 6 Ham, O., 294; *Beecher* v. *Chester*, 2 Root, 90.

The authorities cited in the petition, for rehearing in this case, do not meet the question; counsel appears to have lost sight of the pleadings. Had the party declared for work and labor, &c., and claimed a much larger sum than was really due, the doctrine of variance would not have harmed them. The contract could have been introduced to fix and control the price alone. But having declared upon a special contract, the proof must prove the contract as laid. Any material variance will be fatal.

Judgment affirmed.

*C. E. Stone*, for appellant.

*Clarke* and *Starr*, for appellees.