## THE STATE v. STRATTON.

Forgery: ALTERATION OF WRITTEN INSTRUMENT. The detachment from a written instrument of a condition thereto, written upon the same paper and at the same time, whereby the writing is changed from a non-negotiable instrument to a negotiable promissory note, is forgery, and punishable as such.

*Appeal from Blackhawk District Court.*

SATURDAY, JUNE 26.

FORGERY: ALTERATION OF WRITTEN INSTRUMENT, ETC. The defendant and one Willis were jointly indicted for forgery under Revision, section 4253. The alleged forgery consists in altering a promissory note or instrument made by one Brown to the defendant. This instrument, as set out in the indictment, is as follows:

"$25.                              *May* 20, 1867.

"Six months after date I promise to pay to O. H. Stratton, or bearer, twenty-five dollars, with 10 per cent interest. Value received.

"H. BROWN."

When this writing was executed and delivered by Brown to the defendant there was underwritten upon the same paper the following condition:

"When the said Brown sells fifty dollars worth of the Water Elevator and pays twenty-five dollars, this note to be considered paid."

The alteration charged is the tearing off or removing of the above recited condition — in other words, removing all after the signature of the maker.

It is alleged in the indictment that the defendants, after the instrument was thus altered, uttered the same as true to one William Fox.

Stratton was tried on his plea of not guilty.

The evidence tended to show the making of the note by Brown as charged with the condition above set out; that defendant and Willis were engaged in selling patent rights for elevating water from wells; that defendant wished Brown to act as his agent in selling the Water Elevators; that Brown consented, defendant agreeing to give him one-half of all he (Brown) could make ; Brown was to have a pump free; he gave defendant a note for twenty-five dollars, with the condition attached that when he sold fifty dollars worth of the water drawers or patent right, and paid defendant twenty-five dollars, the note was to be considered paid.

After the note was delivered it was seen in Stratton's hand with the condition still attached.

Stratton and Willis owed one Fox for a board bill. Fox urged payment, Willis and Stratton being together. Willis asked Fox "if he would take a good note; Fox said "yes." Willis went out of the room and soon returned with the note with the condition *detached ;* it appearing as an ordinary note, Fox received it for the board of both Stratton and Willis, without knowledge that any condition had been removed. This was soon after the note was made and before it was due. Brown afterward paid the amount of the note to Fox. It did not appear that Brown sold any of the patent rights or elevators.

It does not appear that Willis has been arrested or tried.

The District Court overruled Stratton's motion for a new trial and sentenced him to one year's imprisonment in the penitentiary.

Stratton appeals and makes three points for reversal:

1. That the verdict is against the evidence.

2. That the instructions were erroneous for the reason that there was no evidence that Stratton and Willis were accomplices.

3. That the condition, which it is alleged the defendant removed, would not extend the time of payment, but the note would notwithstanding become due at the time therein fixed. It was submitted on written arguments.

*Boies & Allen* for the appellant.

*Henry O'Connor*, Attorney-General (with whom *M. M. Trumbull*, District Attorney), for the State.

DILLON, Ch. J. — I. After having examined the testimony, this court is of opinion that it sustains the verdict of the jury. The defendant produced no evidence of any kind. An outline of the case made by the State appears in the statement. There was, therefore, no error in the action of the District Court in overruling this ground of the defendant's motion for a new trial. It is not deemed necessary to recount the evidence at length, or to comment upon it.

II. The defendant asked the court to instruct the jury, "that when two are charged with the commission of a crime, and it is not proved beyond a reasonable doubt that the person on trial committed the crime, the jury are bound to acquit." Altered by adding, "unless the jury are satisfied that he is an accomplice in the act charged, aiding or abetting the other."

In the written argument the appellant's attorney complains of this alteration "for the reason that there was no evidence tending to prove that Stratton was an accomplice with Willis in the fraudulent uttering of this note, and the alteration has a tendency to mislead the jury."

In our opinion there was evidence sufficient to justify the addition which the court made to the instruction as asked. Not only so, but the case made, as well as the peculiar frame of the instruction demanded, rendered it highly proper for the court to refer to the law relating to accomplices. The appellant does not claim that the addition lays down any erroneous principle of law, but only that it was inapplicable to the case. This ground of objection is not well taken.

III. The main point made for a reversal is that the condition (so called) which it is alleged that the defendant detached from the instrument, did not extend the time of payment or in any manner increase the liability of Brown, the promissor. If the alteration did not in any manner affect the legal character of the instrument, did not give to it any different effect or any new operation, and was not material as respects the liability of the promissor, or the value of the instrument, it would not be forgery or indictable under our statute as such. This much may be conceded. But the converse is also true.

FORGERY: alteration of written instrument.

The portion of the instrument which was detached, called the "condition," was made contemporaneously with the note, *referred to it,* and was part of it. The "note" and "condition" together constituted one instrument. The condition in terms refers to "this note," and was part of the contract. See *Osborn* v. *Fulton,* 1 Blackf. 233; *Frischli* v. *Cowen,* id. 350; *Elmore* v. *Higgins,* 20 Iowa, 250; *Wheelock* v. *Freeman,* 13 Pick, 165; *Johnson* v. *Heagan,* 23 Me. 329; and see cases referred to, 2 Parsons N. and B. 539, 545, 546.

With the condition attached the contract was not a promissory note in the sense of the law merchant, and hence, if transferred as made, even before due, the assignee would be bound to take notice of the matters

named in the condition. With the condition annexed, the instrument was, to use an apt expression of Chief Justice GIBSON, "a courier with luggage." With the condition removed, Brown appears as the maker of a negotiable promissory note. If such a note is transferred before due, for value and without notice, the holder cuts off any equities or set-off the maker may have. The alteration, therefore, tended to the prejudice of Brown. It was material in its character. It gave a new quality and effect to the instrument.

It has been decided, and most properly, that the interlineation or insertion of the words "*bearer*" or "*order*," in a note, were material alterations, and, if done without the maker's knowledge or assent, would avoid the instrument. *Scott* v. *Walker*, Dudley (Ga.), 243; *Johnson* v. *Bank*, 2 B. Monr. 350; *Bruce* v. *Wescott*, 3 Barb. 374; 2 Parsons N. and B. 562, 564.

The alteration is material, because it converts an instrument which is non-negotiable into one which is negotiable, and this may have a very prejudicial effect upon the maker.

If such an alteration is fraudulently made, it is under our statute forgery.

It is to be borne in mind that this is a case where the annexed agreement was made contemporaneously with the note, was part of it, and, together with it, constituted one contract.

Removing it, altered the instrument as Brown made it, caused it to appear that he had given his assent to an instrument, to which, in its altered shape, he had never assented (1 Hawk. P. C., ch. 70, § 2); gave to it a new quality, effect and operation (2 East P. C., ch. 19, § 4, 855); and so within the statute (Rev. § 4253), and the authorities, the act, if fraudulently done, is forgery. *Rex* v. *Treble*, 2 Taunt. 328; 2 Leach, 1040; Russ. &

Ryan, 164 ; 2 Russell on Crimes, 319, 320, 346 ; and see cases before cited.

We place our judgment upon the plain ground that the alteration was material in that it converted an instrument which was not negotiable by the law merchant into one which was, and was thus of a character which would tend to injure Brown and deceive others.

I think it could be fairly shown that the true meaning of the "condition" was that, until Brown should sell fifty dollars worth of the Water Elevators, he was under no obligation to pay the twenty-five dollars, and therefore to destroy this so as to make it appear that Brown's obligation to pay was absolute at the end of six months, was to alter the character of the contract in a most material respect. But, as the language of the condition is not free from ambiguity, the court prefers to rest its judgment upon the basis above indicated.

Affirmed.