## ROBINSON v. THE STATE.

1. JOINT INDICTMENT. *Severance.* Where two or more parties are jointly indicted, it is a matter of discretion with the court to permit a severance, and unless the discretion has been abused, the Supreme Court will not reverse for a refusal to permit a severance.

2. EVIDENCE. *Witnesses.* It is not error in the court to refuse to allow a party to prove a fact when no witnesses were tendered, nor offered to be examined. Before this can be assigned as error, the witnesses should be present and introduced for such purpose.

### FROM DAVIDSON.

Appeal in error from the Criminal Court of Davidson county. T. N. FRAZIER, J.

M. M. BRIEN for Robinson.

ATTORNEY GENERAL LEA for the State.

FREEMAN, J., delivered the opinion of the court.

Conviction of defendant for maliciously shooting

Henry Johnson. Several questions are presented on which reversal is asked.

First, it is insisted there is error in refusing a severance (the defendant having been indicted jointly with Payne and Frierson), so that he could have had the benefit of the testimony of said Frierson and wife. Severance was allowed as to Frierson, and he was acquitted, and testified on the trial. This was a matter in the discretion of the court, and we cannot see that such discretion has been abused in this case.

Second, it is said it was error not to allow defendant to introduce testimony of the good character of Frierson and his wife, who had been introduced as witnesses for defendant. No witnesses were tendered, nor offered to be examined, nor is it shown any such witnesses were in court. Before this can be assigned as error, the witnesses must or should be present, or shown to be on hand, or certainly evidence that the offer is made in good faith, and with the means of doing, or attempting to do, what is proposed, by the introduction of witnesses for the purpose, or presentation of them at least.

The main qestion, however, is, that the testimony does not sustain the verdict. We have examined it carefully. We may state the result to be, that there is decided conflict between the testimony of prosecutor and his witnesses and those of defendant as to the facts of the case. There is some diversity, and probably irreconcilable differences, in the statements even of the witnesses for the State. If there was nothing but this, we might feel some hesitancy in affirming

the judgment. The jury and court, however, have weighed all this with the witnesses before them. But there is corroboration of the statement of the prosecutor that is unmistakable, and facts about which there is no dispute, that overturn the statements of defendant's witnesses.

Prosecutor says he was fired at three times, two shots took effect, one in his body, another in his hip, the third was fired as he was running and trying to get into his door. The wounds are there to speak for themselves. The bullet did strike the side of the door as stated, and of this there can be no doubt. Defendant's witnesses swear there was but three shots fired, as do the State's. Defendant's, however, say that the first shot was fired at Robinson while lying on the ground, and that within a few feet evidently of him, and then the other two by Robinson. If this had been the state of the case, it is certain the two shots in the body, at most, would have been all that would have left their mark, and the one in the door is unaccounted for. It can only be accounted for on the theory of the State, that Robinson or some of his party did the firing. We may add, his witnesses, or most of them, were implicated with him; certainly Frierson was, and his wife naturally coincided with him. The marks of the three balls, under the circumstances, are not subject to misconstruction, and in connection with the other testimony, will warrant the verdict.

Let it be affirmed.