Garner *v.* The State.

ALLEN GARNER, JR., *v.* THE STATE.

1. CRIMINAL LAW. *Forgery. Erasure of endorsement on county warrant.* The erasure of a special endorsement of the payee of a county warrant made payable to a named person or order, so as to make the endorsement general, and passing it thus altered to a third person for value, would be forgery.

2. SAME. *Same. Erasure of cancellation of warrant.* So, it seems, would be the erasure of a writing on the face of the warrant intended as a mode of cancellation, and passing the warrant thus altered to the injury of a third person.

3. SAME. *Objection to reading certified record must be specific.* An objection to the reading of a certified copy of a record or justice's judgment must specify the ground of objection, or it will be of no avail.

Garner *v.* The State.

4. SAME. *Forgery. Evidence of possession of other forged papers admissible to show scienter.* Upon a trial for forgery, evidence of the passage of similar forged paper by the defendant is admissible to prove the *scienter*, and proof of erasures on the paper thus passed, like the erasures on the instrument set out in the indictment, and the production of such paper, or tracing it back to the hands of the defendant, would make out a *prima facie* case of the forgery thereof.

5. SAME. *Same. Venue.* The venue in a case of forgery is made out by proof by the prosecutor that he was at the county seat of the county in which the indictment was found, when the defendant, who was a justice of the peace of that county, called him into his office and said he understood the prosecutor wanted a county warrant, the prosecutor adding that he got the warrant from the defendant on which the indictment was based.

FROM BLOUNT.

Appeal in error from the Circuit Court of Blount county.    D. K. YOUNG, J.

C. T. CATES, S. P. ROWAN and HENDERSON & JOUROLMAN for Garner.

ATTORNEY-GENERAL LEA, W. D. MCGINLEY and WILL. A. MCTEER for the State.

COOPER, J., delivered the opinion of the court.

A county warrant for ten dollars was issued to W. A. McTeer, who endorsed it in blank to W. L. Welcker. Welcker's agent brought suit upon the warrant before Allen Garner, Jr., then a justice of the peace, and recovered judgment against the county. Before suing, the agent wrote over McTeer's endorsement the words: "Pay to W. L. Welcker or order." After the rendition of the judgment by the justice, the agent wrote on the face of the warrant the words: "Judg-

ment, 3d February, 1879." The plaintiff in error, Allen Garner, Jr., was indicted and convicted of forgery "by forging, altering and erasing" from the back of the warrant the words of special endorsement to Welcker, and from the face of the warrant the words, "Judgment 3d February, 1879," to the prejudice of the rights of the prosecutor, by defrauding him of $8.75 paid by him for the warrant thus altered. It is now assigned as error that the offense charged is not forgery, but rather the obtaining money by false pretense or token.

"Forgery," says our Code, "is the fraudulent making or alteration of any writing, to the prejudice of another's rights." Code, sec. 4718. This is the common law definition of the offense, and would cover any form of the crime recognized by that law, which treated forgery as a common law cheat, or attempt to cheat. 1 Bish. Crim. Law, sec. 272. Forgery, at common law, denotes a false making, which includes every alteration or addition to a true instrument,—a making, *malo animo*, of any written instrument for the purpose of fraud and deceit. 2 East P. C., 852. Any alteration of a written instrument whereby its legal effect is varied will constitute the offense. And the indictment may, in such case, lay the offense as a forgery of the entire instrument, for in law it is such. *Rex* v. *Dawson*, 1 Stra., 19; *Commonwealth* v. *Woods*, 10 Gray, 477. It has accordingly been held that the making an endorsement on negotiable paper general instead of special would be forgery. *Rex* v. *Burkett*, Russ. & Ry., 251. So, also, where a party

detached from a written instrument a condition originally annexed thereto, and forming with it one entire contract, the effect of which was to render the instrument apparently negotiable while before it was not, the transaction was held to constitute forgery. *State* v. *Stratton*, 27 Iowa, 420.

A county warrant is not negotiable. *Camp* v. *Knox County*, 3 Lea, 199. If made payable to bearer, or, as in the warrant before us, to a particular person or order, it is so far assignable as to authorize the holder to sue the trustee, on whom it is drawn, or to take judgment against him and his official sureties for the amount, if he fails to pay it out of moneys in his hands in the order of presentation. Code, sec. 3613; *Howard* v. *Horner*, 11 Hum., 532. It may be so far assignable as to authorize the assignee to sue thereon in his own name. *Bradley County* v. *Surgoine*, 6 Baxt, 108. If the endorsement by the person in whose favor it is drawn be special, the instrument can no longer be assigned or delivered, so as to pass the interest or title, except by the special assignee. An alteration of the endorsement, either by erasure or cutting off, by which the special endorsement is made general, would be as much forgery as a similar endorsement of a negotiable security, and for the same reason. To the extent, therefore, of the erasure of the special endorsement on the back of the warrant in controversy, the defendant was guilty of forgery.

In this view, it is unnecessary to consider whether the erasure of the words written after the judgment

on the face of the warrant was forgery also.    Treat-
ing these words as written by the owner of the war-
rant, or his authorized agent, as a mode of cancella-
tion to show that the instrument was extinguished,
they may be treated as any other mark of cancella-
tion, such as cross marks over the writing or a dash
through the signature.    If such marks of cancellation
are so skillfully erased as to give the warrant again
the appearance of a valid demand on the county treas-
ury, and the instrument thus altered be passed as
genuine, to the detriment of a third person, it is
difficult to characterize the act as other than forgery.

The State read as evidence, on the trial of the
defendant, a certified transcript of the justice's docket,
showing the date and the amount of the judgment
recovered by Welcker against the county on all of
the county warrants sued on, he having sued on a
number of warrants issued to McTeer and assigned by
him, and taken the judgment for the amount called
for by all of them.    The bill of exceptions says:
"The defendant, by his counsel, objected to the read-
ing of the transcript, which objection was by the court
overruled."    It is now argued that the court below
erred in admitting the transcript, because it was only
a part of the justice's record or proceedings in the
cause.    The general rule is well settled that, if re-
quired, the whole of a judicial record must be pro-
duced, and not a part therof.    It is also true that
a justice is authorized to furnish a certified transcript
of all the proceedings in a cause tried before him.
Code, sec. 4164.    The objection made, however, was

general, and did not specify the ground now assumed. An exception to the reading of a record must be specific, for the obvious reason that the opposite party may have an opportunity of curing the defect, if it be one. *Ingram* v. *Smith*, 1 Head, 412, 418. The same rule was applied in an action at law where parol testimony of the contents of the tax books was introduced, and a general objection was taken. This court said that the objection that the evidence was by parol would have been valid if properly taken, but it was not available because not special. *Campbell* v. *Campbell*, 3 Head, 326. This is also the settled rule in the case of exceptions to depositions. *Whitley* v. *Davis*, 1 Swan, 333; *Looper* v. *Bell*, 1 Head, 374. It has been treated as applicable to the testimony of witnesses. *Thompson* v. *Anderson*, 1 Leg. Rep., 44. And see *Monteeth* v. *Caldwell*, 7 Hum., 13.

The State examined a witness, who proved that he had purchased four county warrants from the defendant, after the recovery of the Welcker judgment, amounting to $72.50, all of which warrants were payable on their face to W. A. McTeer. Witness did not notice anything wrong with the warrants until McTeer called his attention to it, and he could then see a thin place across the warrants. Witness carried them back to defendant and told him they were not right, and let defendant have them for some property. Another witness for the State proves that he also bought one of the warrants issued to McTeer, and endorsed by him for $22.50. The warrant had the end clipped off. Witness did not like the looks of

it. Defendant said he wanted to arrange with witness to keep the warrant for him; that it was getting old, and he (defendant) was expecting new warrants, and would let the witness have new ones for it. Witness took it to McTeer, and found that there was something wrong about it. He could see where there had been something scratched out. He did not take it back to defendant. A third witness proves that the last of a number of warrants bought by him from defendant was for ten dollars. He found there was something wrong with it. There was a patch of brown paper across its back. Defendant paid witness for the warrant and took it back. To the testimony of each of these witnesses the bill of exceptions contains substantially the same objection, viz: "Testimony of witness objected to by defendant's counsel, and objection overruled by the court."

If we consider the objection made as taken to the admissibility of such testimony because tending to establish independent offenses, it is not sustainable. It is well settled that evidence of the issuance of other forged papers is admissible to prove the *scienter* in trials for forgery. 3 Gr. Ev., sec. 111*a*. If the objection was intended to raise the question whether the forgery of the warrants mentioned by the witnesses was sufficiently made out to justify the admission of the testimony, it must be replied that the evidence of erasure in each case is shown, and, except in one instance, the warrants traced back to the hands of the defendant. It was for him to produce the warrants and thereby disprove the *prima facie* case, or

show some reason for their non-production. The excepted warrant is produced, and shows the end cut off just above the endorsement of McTeer, and evidences of erasure across the face of the warrant. The testimony was admissible.

It is further objected that there is not sufficient proof of the venue. But the prosecutor says that he was at the county seat of the county in February, 1879, when defendant, who was a justice of the peace of the county, called him into his office, and said he understood witness wanted a warrant. The witness immediately adds: "I got a ten dollar warrant from him," which he identifies as the warrant on which the indictment is found. The evidence is sufficient.

There is no error in the record, and the judgment must be affirmed.