# GRAHAM *v.* WEAVER.

(*Knoxville.* October 24, 1896.)

1. STATUTE OF FRAUDS. *Not required to be pleaded, when.*

The statute of frauds need not be specially pleaded to defeat specific performance of a parol contract for the sale of land, when the vendor brought suit, tendering performance on his part, and seeking to enforce the contract by sale of the land for balance of purchase price, or, in the alternative, to recover possession of the property, if the vendee declined to confirm the sale; and the vendee answered denying that the terms of the contract were correctly stated in the bill, and filed cross bill insisting upon invalidity of contract, and asking that the purchase money paid, with interest and value of improvements, be refunded to him; and the vendor answered the cross bill, reiterating his tender of performance, and tendering the vendee the option to complete the sale or set it aside as he might prefer. (*Post, pp. 486, 487.*)

Case cited and approved: Citty *v.* Manufacturing Co., 93 Tenn., 280.

2. RESCISSION. *Of parol sale of land stating the account.*

The rules for stating the account upon rescission of a parol sale of land, are correctly stated in Mason *v.* Swan, 6 Heis., 450, and Treece *v.* Treece, 5 Lea, 224.

---

FROM WASHINGTON.

---

Appeal from Chancery Court of Washington County. JOHN P. SMITH, Ch.

CURTIN & HAYNES for Graham.

CARR & REEVES for Weaver.

WILKES, J. Complainants sold defendants a lot, by parol, for $375. $50 was paid in cash, $80 was to be paid in monthly installments of $10 each, and the balance of $245, nine months thereafter. The last amount was not paid when due, and complainants filed their bill stating the sale in parol, and asking that it be enforced by a sale of the property, or, if the defendants decline to confirm the sale, that they be given possession of the property. A deed was tendered with the bill.

The answer admitted the parol sale, but denied that the terms were correctly set out. Defendants filed a cross bill stating that they had put valuable improvements on the lot, at a cost of $450, and that they were advised they could not enforce the contract, and prayed for the refunding of the purchase money and interest, and for the amount spent in improvements, or for the enhanced value of the lot by reason of such improvements. The answer to this cross bill averred readiness to comply with the sale, to accept the balance due, and to make the deed, and tendered to defendants the option to complete the sale, or set it aside, as they might prefer.

Upon the hearing, the Chancellor was of opinion that, inasmuch as defendants did not specifically set up and rely on the . statute of frauds, the con-

tract could be enforced against them, and gave judgment for the balance of purchase money, and entered decree for sale. The sale was made, and the property bought by complainants at $300, and the sale confirmed to them, and defendants appealed and assigned errors.

The cause has been heard by the Court of Chancery Appeals, and that Court affirmed the decree of the Chancellor, and defendants appealed to this Court, and have assigned errors.

We are of opinion there is error in the decree of the Chancellor and Court of Chancery Appeals. The effect of the pleading was to tender to the defendants an option to confirm the parol sale, and pay the purchase money, or to repudiate it and take their rights as fixed by law in such cases. They elected to repudiate the sale, in the pleadings which they offered, and in such case it is not necessary to formally plead the statute of frauds. The election to disaffirm under the option extended was, in effect, pleading the statute. The reason for requiring a formal plea of the statute to be interposed in the pleadings is to prevent the accumulation of a bill of costs upon the uncertainty as to whether the vendee will elect to disaffirm, and to put an end to needless litigation. *Citty* v. *Manufacturing Co.*, 9 Pickle, 280.

This rule does not apply where the option is extended to the defendant to disaffirm and he sees proper to do so in the pleadings. The complainant

has all the notice in such case that he would have if a formal plea was interposed.

The decree of the Court of Chancery Appeals is reversed, the sale in the Chancery Court, as well as the original sale, is set aside, and the cause is remanded to the Chancery Court, to the end that a proper account be stated, and report made, under the rules laid down in *Mason* v. *Swan,* 6 Heis., 450, and *Treece* v. *Treece,* 5 Lea, 224, and for proper decree upon said report.

The cost of this appeal will be paid by the complainants, and costs of the Court below as may be adjudged by the Chancellor on final hearing.