## HENRY ANDERSON v. JULIA LANGFORD.

Western Section.    February 4, 1927.

No petition for Certiorari was filed.

1. **Vendor and purchaser. Vendee is entitled to recover for improvements made on land where he has entered under a parol contract of sale.**

   Where a decree of specific performance for a parol sale of land is refused because within the Statute of Frauds the vendee will be entitled to the value of the improvements placed thereon, with the knowledge of the vendor, even if that value exceeds the rents and profits.

2. **Vendor and purchaser. Parol contract for sale of realty is not void but voidable.**

   A parol contract for the sale of real estate is not absolutely void but it is voidable and the parties have a right to disaffirm the contract.

3. **Vendor and purchaser. Vendor disaffirming a parol contract may recover rents if the vendee is at fault and causes the disaffirmance.**

   In an action for specific performance brought by the vendee where the vendor defended on the ground that the contract was oral and within the Statute of Frauds and brought a cross-bill seeking to collect rent for the time it was occupied by the vendee, **held** that as a general rule the vendor is not entitled to rent until the contract is disaffirmed, but where the evidence shows that the vendor disaffirmed the contract because of the fault of the vendee, then as a matter of right and justice the Court would allow the vendor to recover rent for the time the premises were occupied by the vendee.

Appeal from Chancery Court, Shelby County; Hon. Wightman H. Hughes, Chancellor.

Bell & Phillips, of Memphis, for appellant.

Norville & Lyons, of Memphis, for appellee.

OWEN, J. The appeal in this case involves the sole question as to the time a parol vendee, in possession, should be charged with the value of the house and use and the occupancy of the real estate in possession, with rents.

Complainant and defendant entered into a parol agreement on March, 6, 1924, whereby the defendant was to sell to the complainant a certain house and lot in Memphis, Tennessee. It appears that this house and lot was under a mortgage, and the defendant was paying about $25 per month on the mortgage. The complainant entered into possession of the house on March 6, 1924. The defendant disaffirmed the sale January 6, 1925, or ten months after complainant went into possession. Complainant's bill was filed for

the purpose of having defendant specifically perform the parol contract of sale. The house and lot was properly described in the bill.

Defendant plead the statute of frauds and further plead in her answer that shortly prior to March, 1924, she was in a position of great hardship, destitution and need; that. she had an afflicted son, her meager funds had been consumed in care and attention upon him; that the complainant well knew of her condition and helplessness, and that the complainant led the defendant by his promises to believe that he would aid and assist her and prevent her from losing the place, and especially the amounts that she had paid, and would protect her, and that he agreed to pay her $150 in cash and each month thereafter he would give her the money to pay the monthly notes falling due for the purchase money that she owed, and that she agreed when complainant paid out the monthly payments she would then give him a contract and he would pay the balance of her equity in monthly notes in the same amount that she was then paying to her vendor; that relying upon these promises and representations defendant placed complainant in possession of the premises. The defendant averred that the complainant did not pay the $150 in cash; that as soon as he moved into the house he repudiated the agreement; that he only paid fifty of the one hundred and fifty dollars; that he defaulted in making his monthly payments; that he paid some of the monthly payments, but not all of them; that he was always late in making his payments; that by reason of his default in making his payments to defendant, defendant's notes falling due in December, 1924 and January and February, 1925 could not be paid and the premises she had agreed to sell to the complainant were advertised for sale under the deed of trust securing the notes defendant had executed to her vendor.

She further alleged that the complainant had failed to make the necessary repairs; that the house had to be repaired to the extent of $105, and that the complainant had only paid $25 of this amount and the defendant was charged with the $80 remaining unpaid for improvements.

The defendant also filed a cross-bill alleging that the complainant was insolvent and that she would lose her rents, and praying for a receiver to take charge of the property and rent it out, and that possession of the property be decreed to her, and that a writ of possession issue to place her in possession of same. She further prayed that the mutual rights and liabilities of the parties be de-

termined and that she have a decree for the indebtedness owing her and for the rents and profits.

It appears that this cause was heard upon the bill and answer, and cross-bill, and the oral testimony of the parties, and their witnesses adduced in open court, and the Court held:

"1. That the contract is within the statute of frauds and unenforceable, which is admitted by solicitor for Henry Anderson.

"2. That the defendant and cross-complainant Julia Langford is the owner of the premises described in the bill, which description is set out in the decree.

"3. That on March 6, 1924 the parties made an oral contract for sale, voidable under the statute of frauds, and the oral vendee, Henry Anderson, is now and has been in possession of said premises since March 6, 1924, and the reasonable rent and usable value of said premises is $15 per month.

"4. The decree further recites that Henry Anderson had paid $257.25 purchase money and $25 as repairs, and that the interest on this sum from date of payments to the date of the decree made a total of $311.36.

"5. That the defendant Julia Langford disaffirmed the parol sale on the 6th day of January, 1925.

"6. That the rental value of the premises from March 6, 1924 to the date of the decree amounted to $378; that the interest thereon was $23.96, making a total charge of $402.96, against Henry Anderson in favor of Julia Langford, and that the net balance due Julia Langford from Henry Anderson is $91.60."

The complainant excepted to the action of the court in allowing rents and prayed an appeal, which was granted, and has assigned two errors in this Court: (1) the Court erred in charging appellant with rents from the 6th day of March, 1924; that he should have charged him with rents from the 6th day of January, 1925.

The second assignment is, in substance, the same as the first, the two assignments raising but one proposition.

In support of this assignment of error counsel relies upon the following proposition and authorities:

A purchaser holding under a parol sale owns and holds for himself and is not liable for rent until the seller has disaffirmed and repudiated the contract. Beard v. Bricker, 32 Tenn., 52-53; James v. Patterson, 31 Tenn., 309; Bailey v. Henry, 125 Tenn., 402; Slatton v. Coal Co., 109 Tenn., 425; Sullivan v. Ivy, 34 Tenn., 488; Redman v. Bowles, 27 Tenn., 549; Carpenter v. U. S., 17 Wall, 489, 21 Ed., 680; Granger v. Jenkins, L. R. A., 1915E, 404; Fall v. Hazelrigg, 45 Ind., 576; Thompson v. Bower, 60 Barb. (N. Y.), 463.

It is insisted by counsel for appellee that: In adjusting the equities arising out of the transaction the parol purchaser in possession is charged with rents and credited with purchase payments. Herring v. Pollard, 23 Tenn., p. 362; Rhea v. Allison, 40 Tenn., 177; Masson v. Swan, 53 Tenn., 450; Treece v. Treece, 73 Tenn., 220; Graham v. Weaver, 97 Tenn., 485; Vaughan v. Vaughan, 100 Tenn., 280; Winters v. Elliott, 69 Tenn., 675; Humphreys v. Hottsinger, 35 Tenn., 228; Neal v. Cole, 1 Shannon's Cases, 653.

In the case of Treece v. Treece, 5 Lea, page 223, our Supreme Court said: "It is well settled in this state that where a decree for specific performance of a parol sale of land is refused because within the statute of frauds, the vendee will be entitled to the value of the permanent improvements made with the knowledge of the vendor, even if that value exceeds the rents and profits, and to any payments of the consideration made by him, subject to an account of the rents and profits, and to have any excess in the value of the improvements and the payments of purchase money declared a lien on the land." Citing Mathews v. Davis, 6 Humph., 324; Herring v. Pollard, 4 Humph., 362.

The question of rents, improvements, consideration paid and taxes paid, are charged and credited upon equitable principles, and the court endeavors to put the parties where they were when the debt was made.

The parol contract between the complainant and defendant was not absolutely void, but it was voidable, and the defendant had a right to disaffirm the contract. If the allegations of her cross-bill are true, the equities are with her in disaffirming; if the allegations of complainant's bill are true the equities are with him.

The Chancellor heard the testimony in open court by consent of the parties. None of this testimony was preserved by bill of exceptions. He sustained complainant's cross-bill and was satisfied that the equities in the matter were with her, and that her cross-bill should be sustained by the weight of the evidence presented. There being no bill of exceptions, the presumption is that the Chancellor heard competent evidence, and in weighing the evidence he reached the right conclusion.

The party to disaffirmance may not have the right, as a matter of law, to rents, but if the party disaffirming is not at fault, and the fault is with the party seeking to enforce the contract, and that party has been in default, has not lived up to his oral contract as the defendant and cross-complainant has alleged, and evidently proven in the instant case, then as a matter of right and justice the party occupying the premises as did the complainant, should pay

reasonable rent. The Court found from the proof that $15 per month for the time that complainant occupied the premises and used the same, was reasonable and just. Under the state of the record as we find it we cannot disturb the judgment of the lower court.

It results that the assignments of error are overruled and disallowed, the complainant will pay the costs of the appeal, for which execution will issue, it appearing that he executed a pauper's oath in lieu of cost bond. The cost of the lower court will be paid as decreed by the chancellor. The cause will be remanded to the chancery court of Shelby county for the purpose of awarding a writ of possession.

Heiskell and Senter, JJ., concur.